UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.    ) | CRIMINAL NO. 04-10317-RCL |
| ) | |
| ANDREW LEWIS  ) | |

MOTION FOR PRODUCTION OF DISCOVERY

Defendant, Andrew Lewis, now moves, pursuant to Fed. R. Crim. P. 16, that this Court order the government to produce to undersigned counsel the following, subject to a proposed protective order, attached hereto:

1. a copy of the hard drive Apple eMac computer at issue in this case;

2. a copy of the hard drive image of the eMac computer created using Encase.

The discovery sought is necessary to enable undersigned counsel to investigate the manner in which the images in question came to appear on the defendant's work computer, to prepare to challenge the government's expert testimony regarding the issue of whether the images depict real children, to prepare any challenges to the search warrant issued in this case, and to prepare to challenge the government's assertions that the images were of children under the age of 18.

The discovery requested is subject to production under Fed. R.Evid. 16(a)(1)(E), which requires the government to

>permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
>
>>(i) the item is material to preparing the defense;
>>
>>(ii) the government intends to use the item in its case-in-chief at trial; or
>>
>>(iii) the item was obtained from or belonged to the defendant.

Here, the evidence requested is the very heart of this case, and falls within all three categories of discoverable evidence. Undersigned counsel submits that proper representation of the defendant requires that an expert examine the hard drive and the computer files that are at issue in this case.

Defendant submits that restricting examination of the items while in government control and under government scrutiny does not allow defense counsel to freely consult with his expert, nor does it allow him and his expert to conduct extended examination, which may require repetition. See United States v. Hill, 322 F.Supp.2d 1081, 1092 (C.D. Cal. 2004) (Kozinski, J., sitting by designation).

Defense examination using a government computer would allow the government to take note of the examination and would even create a record of that examination on the government's computer, thus destroying any work product protection for the examination.

Defendant notes that one of the potential expert resides out of state. Requiring repeated trips to Massachusetts to examine the computer evidence would be unduly burdensome and expensive. See Hill, 332 F.Supp. 2d at 1092.

In Hill, the court concluded that "counsel cannot be expected to provide defendant with competent representation unless counsel and his expert have ready access to the materials that will be the heart of the government's case." Id. While the number of files involved in the Hill case vastly exceeded the number involved here, this case presents the added necessity of examining the images with the software used by the government's expert and may involve further analysis aimed at the same issue. Defendant also notes that Judge Gertner recently allowed a similar defense request in the case of United States v. Fabrizio, 2004 U.S. Dist. 21559 (D. Mass. October 27, 2004) as did Judge DiClerico in the case of United States v. Donald Syphers, Crim. No. 03-11-01-JD (D.N.H.).

The proposed protective order would prohibit duplication of the hard drive or any files or images contained on the hard drive, and would limit inspection of the file to defense counsel and his retained expert(s) for the sole purpose of preparation of the defense in this case. Furthermore, the proposed protective order would prohibit examination of the hard drive or any of its files on any computer that is connected to the Internet or any

network.  The proposed order is virtually identical to that agreed to by the government in <u>Fabrizio</u>, after the court ruled that the defendant was entitled to a copy of the computer evidence.

                                        ANDREW LEWIS
                                        By his attorney,

                                        /s/ Timothy Watkins
                                        Timothy Watkins
                                          B.B.O. #567992
                                        Federal Defender Office
                                        408 Atlantic Ave., 3rd Floor
                                        Boston, MA  02110
                                        Tel: 617-223-8061

```
                    UNITED STATES DISTRICT COURT

                      DISTRICT OF MASSACHUSETTS
```

```
UNITED STATES OF AMERICA        )
                                )
         v.                     )   CRIMINAL NO. 04-10317-RCL
                                )
ANDREW LEWIS                    )
```

## PROTECTIVE ORDER

**IT IS HEREBY ORDERED:**

1. The government shall provide defense counsel, Timothy Watkins, with: (1) an image of the hard drive of the eMac computer in the above-captioned matter, necessarily including any and all actual or alleged child pornography and/or contraband contained thereon; (2) a copy of the hard drive image of the eMac computer created using Encase. Mr. Watkins shall maintain the computer evidence as follows:

    a. The computer evidence shall be maintained by Mr. Watkins in accordance with this Order, except as provided in ¶ 2, and shall be used by him solely and exclusively in connection with this case (including trial preparation, trial, and appeal).

    b. The computer evidence shall be maintained by Mr. Watkins in a locked file or cabinet at all times, except while being actively utilized **or** as otherwise provided for in this Order.

    c. A copy of this Order shall be kept with the computer evidence at all times.

    d. The computer evidence shall be accessed and viewed only by Mr. Watkins, other employees of the Federal Defender Office, and experts retained by him in this case, including Devin Hosea, who shall access and view the computer evidence only as set forth in Section 2 below. Employees of, or other experts retained by, the Federal Defender Office

    may only view the evidence in Mr. Watkins's presence, and only after reviewing this order and agreeing to be bound by it.  Mr. Watkins shall maintain a list of all employees and other experts granted access to the computer evidence, which list shall include the dates and times of such access.

e. Defendant himself shall not be permitted to access or view any graphic image file containing actual or alleged child pornography, on any of the computer evidence, without petition and prior order of this Court.  However, defendant may access and view non-image data contained on the computer evidence for the purpose of assisting in the preparation of his defense in the presence of counsel and under the direct supervision and control of counsel.

f. Any computer into which the computer evidence may be inserted for access and operation shall not be connected to a network while a copy of the retained evidence is inserted into it.

g. Timothy Watkins shall take the necessary steps to ensure that alleged child pornography is not printed, and is not copied or saved onto any computer media or hard drive, including into unallocated space and virtual memory, except to the extent that duplication into Random Access Memory (RAM) or onto a hard drive is required by or necessarily results from the analysis conducted in connection with this case.  If any alleged child pornography is copied on the hard drive of any computer, that hard drive must be used exclusively by Mr. Watkins and only for purposes of this case until it is reformatted or otherwise wiped clean at the close of this case to ensure that all child pornography is removed.

h. Any computer into which the computer evidence is inserted may be connected to a printer only under the following conditions: that any printer utilized is a local printer, that the printer may be connected only when and as necessary to print non-graphic image files, and that Timothy Watkins and/or Devin Hosea shall be personally present at all times a printer is connected.

2. Timothy Watkins may provide his retained expert, Devin Hosea, with the computer evidence under the following circumstances and conditions.

   a. Timothy Watkins shall deliver the computer evidence to Devin Hosea by Federal Express. Timothy Watkins shall retain the relevant paperwork and tracking number, and verify receipt of the computer evidence by Devin Hosea. If Devin Hosea does not receive the computer evidence in a timely manner, he shall inform Mr. Watkins immediately, and Mr. Watkins then shall contact the Assistant U.S. Attorney assigned to this case.

   b. Devin Hosea shall maintain the computer evidence in accordance with this Order, and shall use it solely and exclusively in connection with this case. Within one week after a change of plea hearing or trial in this case, Devin Hosea shall return the computer evidence to Timothy Watkins, also by Federal Express. In so doing, Devin Hosea shall retain the relevant paperwork and tracking number, and verify receipt of the computer evidence by Timothy Watkins. If Mr. Watkins does not receive the computer evidence in a timely manner, he shall immediately contact the Assistant U.S. Attorney assigned to this case.

   c. Devin Hosea shall maintain the computer evidence in a locked drawer or filing cabinet in his office at all times, except while being actively utilized as provided for in this Order.

   d. A copy of this Order shall be kept with the computer evidence at all times.

   e. The computer evidence may be accessed and viewed only by Devin Hosea and members of his staff in Devin Hosea's presence. Members of Devin Hosea's staff may view the computer evidence only after Mr. Hosea has given the staff member a copy of this Order and the staff member agrees to be bound by it.

   f. Devin Hosea shall maintain custody over the computer evidence at all times. Devin Hosea shall maintain a list of all staff granted access to the

        computer evidence, which list shall include the dates and times of such access.

   g. Any computer into which the computer evidence may be inserted for access and operation shall not be connected to a network while a copy of the computer evidence files is inserted into it.

   h. Devin Hosea shall take the necessary steps to ensure that alleged child pornography is not printed, and is not copied or saved onto any computer media or hard drive, including into unallocated space and virtual memory, except to the extent that duplication into  including into unallocated space and virtual memory, except to the extent that duplication into Random Access Memory (RAM) or onto a hard drive is required by or necessarily results from the analysis conducted in connection with this case.  If any alleged child pornography is copied on the hard drive of any computer, that hard drive must be used exclusively by Mr. Watkins and only for purposes of this case until it is reformatted or otherwise wiped clean at the close of this case to ensure that all child pornography is removed.

   i. Any computer into which the computer evidence is inserted may be connected to a printer only under the following conditions: that any printer utilized is a local printer, that any printer may be connected only when and as necessary to print non-graphic image files, and that Devin Hosea shall be personally present at all times a printer is connected.

3. Within 30 days of termination of this matter (including the termination of any appeal), defense counsel shall return (or cause the return of)the computer evidence to Assistant United States Attorney Dena T. Sacco or another representative of the United States Attorney's Office.  Upon the return of the computer evidence, defense counsel shall file a brief report to the Court specifying that the terms of this Order have been complied with and reporting the return of the computer evidence.

**IT IS SO ORDERED** this ____th day of _____, 2005.

                                                      _____
                                                      Hon. Judith G. Dein
                                                      U.S. Magistrate Judge