UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Criminal No.
04-10317-RCL

UNITED STATES OF AMERICA

v.

ANDREW LEWIS

## ORDER ON DEFENDANT'S
## MOTION FOR PRODUCTION OF DISCOVERY

January 11, 2005

DEIN, M.J.

    This case, involving a charge of child pornography, is before the court on the defendant's Motion for Production of Discovery (Docket No. 18). By this motion, the defendant is seeking to compel the government to produce (1) a copy of the hard drive of the computer at issue in this case, and (2) a copy of the drive image created using Encase. The government opposes the motion on the grounds that the images on the hard drive constitute contraband, duplication will result in re-victimization of the children, and there is a risk of further dissemination. Oral argument was heard by the court on this date.

    This court adopts the reasoning of Judge Gertner in the case of <u>United States v. Frabizio</u>, 341 F. Supp. 2d 47 (D. Mass. 2004), and the Motion is ALLOWED. Like Judge Gertner, this court finds that "the government's concerns about the risk of further dissemination are adequately addressed by the proposed protective order, and the

government's concern about re-victimization will be implicated regardless of where defense counsel and [his] expert view the images." Id. at 51.

The government has attempted to distinguish the instant case from Frabizio on the grounds that the instant case involves fewer images, that in Frabizio the production was ordered in connection with a *Daubert* hearing, and that in the present case the National Parks Service, as opposed to the FBI, has custody of the computer thereby making access to the computer by defense counsel and his expert easier since NPS, allegedly, has fewer internal restrictions than the FBI. In this court's view, none of these distinctions are significant. The requested copies of the hard drive should be produced under Fed. R. Crim. P. 16(a)(1)(E).

The government and defendant have agreed to the terms of a protective order if discovery is ordered. Consequently, this court will enter the proposed protective order. In addition, the defendant shall provide the government with the qualifications of his expert, Devin Hosea, and Mr. Hosea shall sign an affidavit agreeing to be bound by the terms of the protective order.[1]

        / s / Judith Gail Dein  
        Judith Gail Dein  
        United States Magistrate Judge

---

[1] The defendant's expert in the instant case is the same expert who is appearing for the defendant Rudy Frabizio.