UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 04-10317-RCL |
| | ) | |
| ANDREW LEWIS | ) | |

PROTECTIVE ORDER

**IT IS HEREBY ORDERED:**

1.  The government shall provide defense counsel, Timothy
    Watkins, with: (1) an image of the hard drive of the eMac
    computer in the above-captioned matter, necessarily
    including any and all actual or alleged child pornography
    and/or contraband contained thereon; (2) a copy of the hard
    drive image of the eMac computer created using Encase.  Mr.
    Watkins shall maintain the computer evidence as follows:

    a.  The computer evidence shall be maintained by Mr.
        Watkins in accordance with this Order, except as
        provided in ¶ 2, and shall be used by him solely
        and exclusively in connection with this case
        (including trial preparation, trial, and appeal).

    b.  The computer evidence shall be maintained by Mr.
        Watkins in a locked file or cabinet at all times,
        except while being actively utilized **or** as
        otherwise provided for in this Order.

    c.  A copy of this Order shall be kept with the
        computer evidence at all times.

    d.  The computer evidence shall be accessed and viewed
        only by Mr. Watkins, other employees of the
        Federal Defender Office, and experts retained by
        him in this case, including Devin Hosea, who shall
        access and view the computer evidence only as set
        forth in Section 2 below.  Employees of, or other
        experts retained by, the Federal Defender Office

-5-

may only view the evidence in Mr. Watkins's
presence, and only after reviewing this order and
agreeing to be bound by it. Mr. Watkins shall
maintain a list of all employees and other experts
granted access to the computer evidence, which
list shall include the dates and times of such
access.

e.    Defendant himself shall not be permitted to access
or view any graphic image file containing actual
or alleged child pornography, on any of the
computer evidence, without petition and prior
order of this Court. However, defendant may
access and view non-image data contained on the
computer evidence for the purpose of assisting in
the preparation of his defense in the presence of
counsel and under the direct supervision and
control of counsel.

f.    Any computer into which the computer evidence may
be inserted for access and operation shall not be
connected to a network while a copy of the
retained evidence is inserted into it.

g.    Timothy Watkins shall take the necessary steps to
ensure that alleged child pornography is not
printed, and is not copied or saved onto any
computer media or hard drive, including into
unallocated space and virtual memory, except to
the extent that duplication into Random Access
Memory (RAM) or onto a hard drive is required by
or necessarily results from the analysis conducted
in connection with this case. If any alleged
child pornography is copied on the hard drive of
any computer, that hard drive must be used
exclusively by Mr. Watkins and only for purposes
of this case until it is reformatted or otherwise
wiped clean at the close of this case to ensure
that all child pornography is removed.

h.    Any computer into which the computer evidence is
inserted may be connected to a printer only under
the following conditions: that any printer
utilized is a local printer, that the printer may
be connected only when and as necessary to print
non-graphic image files, and that Timothy Watkins
and/or Devin Hosea shall be personally present at
all times a printer is connected.

-6-

2.  Timothy Watkins may provide his retained expert, Devin
    Hosea, with the computer evidence under the following
    circumstances and conditions.

    a.  Timothy Watkins shall deliver the computer
        evidence to Devin Hosea by Federal Express.
        Timothy Watkins shall retain the relevant
        paperwork and tracking number, and verify receipt
        of the computer evidence by Devin Hosea.  If Devin
        Hosea does not receive the computer evidence in a
        timely manner, he shall inform Mr. Watkins
        immediately, and Mr. Watkins then shall contact
        the Assistant U.S. Attorney assigned to this case.

    b.  Devin Hosea shall maintain the computer evidence
        in accordance with this Order, and shall use it
        solely and exclusively in connection with this
        case.  Within one week after a change of plea
        hearing or trial in this case, Devin Hosea shall
        return the computer evidence to Timothy Watkins,
        also by Federal Express.  In so doing, Devin Hosea
        shall retain the relevant paperwork and tracking
        number, and verify receipt of the computer
        evidence by Timothy Watkins.  If Mr. Watkins does
        not receive the computer evidence in a timely
        manner, he shall immediately contact the Assistant
        U.S. Attorney assigned to this case.

    c.  Devin Hosea shall maintain the computer evidence
        in a locked drawer or filing cabinet in his office
        at all times, except while being actively utilized
        as provided for in this Order.

    d.  A copy of this Order shall be kept with the
        computer evidence at all times.

    e.  The computer evidence may be accessed and viewed
        only by Devin Hosea and members of his staff in
        Devin Hosea's presence.  Members of Devin Hosea's
        staff may view the computer evidence only after
        Mr. Hosea has given the staff member a copy of
        this Order and the staff member agrees to be bound
        by it.

    f.  Devin Hosea shall maintain custody over the
        computer evidence at all times.  Devin Hosea shall
        maintain a list of all staff granted access to the

-7-

computer evidence, which list shall include the
dates and times of such access.

g.    Any computer into which the computer evidence may
      be inserted for access and operation shall not be
      connected to a network while a copy of the
      computer evidence files is inserted into it.

h.    Devin Hosea shall take the necessary steps to
      ensure that alleged child pornography is not
      printed, and is not copied or saved onto any
      computer media or hard drive, including into
      unallocated space and virtual memory, except to
      the extent that duplication into  including into
      unallocated space and virtual memory, except to
      the extent that duplication into Random Access
      Memory (RAM) or onto a hard drive is required by
      or necessarily results from the analysis conducted
      in connection with this case.  If any alleged
      child pornography is copied on the hard drive of
      any computer, that hard drive must be used
      exclusively by Mr. Watkins and only for purposes
      of this case until it is reformatted or otherwise
      wiped clean at the close of this case to ensure
      that all child pornography is removed.

i.    Any computer into which the computer evidence is
      inserted may be connected to a printer only under
      the following conditions: that any printer
      utilized is a local printer, that any printer may
      be connected only when and as necessary to print
      non-graphic image files, and that Devin Hosea
      shall be personally present at all times a printer
      is connected.

3.    Within 30 days of termination of this matter (including the
      termination of any appeal), defense counsel shall return (or
      cause the return of) the computer evidence to Assistant
      United States Attorney Dena T. Sacco or another
      representative of the United States Attorney's Office.  Upon
      the return of the computer evidence, defense counsel shall
      file a brief report to the Court specifying that the terms
      of this Order have been complied with and reporting the
      return of the computer evidence.

-8-

**IT IS SO ORDERED** this ⊥⊥th day of January, 2005.

Judith Gail Dein
Hon. Judith G. Dein
U.S. Magistrate Judge