UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 JAN 18 A 11: 08

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Criminal No. 04-10317-RCL |
| v. | ) |
| ANDREW LEWIS | ) |

United States' Motion for Review of Magistrate Judge's
January 11, 2005 Order Granting Defendant's
Motion for Production of Discovery

The United States of America, by and through undersigned
counsel, hereby requests pursuant to Magistrate Rule 2(b) that
the District Court review Magistrate Judge Judith Gail Dein's
January 11, 2005 Order granting the defendant's motion for
production to defense counsel and to a civilian expert retained
by the defendant copies of a computer hard drive containing
contraband images of child pornography.  In support of this
Motion and its opposition to producing these items, the United
States respectfully refers the Court to its Opposition memorandum
filed on January 3, 2005, a copy of which is attached hereto.
The United States further requests that the Court schedule a
hearing date for argument on this Motion.

Respectfully submitted,

MICHAEL SULLIVAN
United States Attorney

By:  _____
DENA T. SACCO
Assistant United States Attorney

Dated: January 18, 2005

## CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the person listed below a copy of the foregoing document by depositing in the United States mail a copy of same in an envelope bearing sufficient postage for delivery:

    Timothy Watkins
    Federal Defender Service
    408A Atlantic Avenue
    Boston, MA 02210

This 18th day of January, 2005.

                    Dena Sacco

                    Dena T. Sacco
                    ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 JAN 18  A II: 08

U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES OF AMERICA          )
                                  ) Criminal No. 04-10317-RCL
          v.                      )
ANDREW LEWIS                      )

### United States' Opposition to Defendant's
### Motion for Production of Discovery

The United States of America, by and through undersigned
counsel, hereby opposes Defendant's Motion for production to
defense counsel and to a civilian expert copies of the hard drive
of the Apple eMac computer containing the child pornography that
is at issue in this case. As grounds for its Opposition, the
United States submits that the child pornography on the hard
drive constitutes contraband. As discussed below, the defendant
makes no compelling argument for which turning over contraband to
defense counsel, much less a civilian expert witness, is
necessary in this case. Like other contraband, the items may be
viewed at a law enforcement agency, but are not appropriately
turned over to any non law-enforcement individual or entity.

### Relevant Facts

Defendant was indicted by this district's Grand Jury for
Receipt of child pornography in violation of Title 18, United
States Code, Section 2252(a)(2). He is charged with receiving 14
computer files containing moving images of children engaged in
sexually explicit conduct, all of which were received via
computer and which he stored electronically on the hard drive of
his computer. Because electronically-stored data is fragile and

easily damaged or destroyed, and because that data is or can be
altered every time its storage device is accessed, it is a
standard forensic procedure to create copies of the
electronically-stored data, which copies are then used for
subsequent examination and investigation purposes.  Thus, in this
case, a "bit stream" copy of the computer hard drive was made
using a forensic software called Encase when that hard drive was
first accessed by law enforcement officials.  Both the hard drive
and the image made of it have been securely maintained at all
times by the Department of the Interior and the National Park
Service.  Moreover, a copy of the hard drive has been available
to defense counsel for review since automatic discovery was
produced in this case.  Defendant now argues that viewing the
hard drive at a law enforcement agency is inadequate, and that he
is entitled to have copies of the hard drive, containing
contraband, produced for use by his attorney and a civilian
expert that he has retained or may retain.

Argument

Defendant has moved for an order pursuant to Rule
16(a)(1)(E) requiring the United States to produce to his counsel
and to a civilian expert witness two copies of the hard drive of
the Apple eMac computer that Defendant used to receive and store
child pornography.  The United States opposes Defendant's Motion
because the computer hard drive at issue contains contraband
images of minors engaged in sexually explicit conduct.  Moreover,

because they are in electronic format, these images easily may be transferred, copied, and/or disseminated by any individual with access to the computer's hard drive. The copying and dissemination of child pornography not only is illegal, it re-victimizes the children in the images at each step in the process. For these reasons, Defendant's Motion should be denied.

Two appeals courts and several district courts that have looked at this issue have held squarely against turning over child pornography even to defense counsel, much less to a civilian expert as proposed in this case. In United States v. Kimbrough, 69 F.3d 723, 730-731 (5th Cir. 1995), the defendant argued that the government's refusal to allow him to copy child pornography and its restriction of his access to child pornography violated his constitutional rights to due process and effective assistance of counsel. The Fifth Circuit rejected that argument, holding that "[c]hild pornography is illegal contraband," and accordingly that "[w]e decline to find that Rule 16 provides such contraband can be distributed to, or copied by, the defense." Id. at 731. The Court further found that, even had their been a Rule 16 violation, the government's offer to make the material available for inspection (at the Customs office, at the U.S. Attorney's Office, or at the defense counsel's office) was reasonable. See id.

Similarly, in United States v. Horn, 187 F.3d 781 (8th Cir. 1999), the defendant challenged the district court's denial of

his motion, under Rule 16(a)(1)(C), to "have copies of the video tapes [containing child pornography] that were going to be used against him at trial so that any expert witness that he might procure could see and evaluate them." Horn, 187 F.3d at 792. The Eighth Circuit upheld the district court's action in so doing, explaining its holding as follows:

> The trial court denied the motion, holding, *inter alia*, that the government's offer to allow Mr. Horn's expert to view the tapes would accomplish the same object that Mr. Horn sought; and, indeed, Mr. Horn does not show how he was prejudiced by the trial court's ruling. We note, too, that Fed.R.Crim.P. 16(d)(1) provides that '[u]pon a sufficient showing the court may at any time order that the discovery of inspection be denied, restricted, or deferred.' We think that the restriction that the trial court imposed here, given the fact that the tapes were *prima facie* contraband, was authorized by the relevant rule.

Id. (emphasis added); see also United States v. Husband, 246 F.Supp.2d 467, 468-69 (E.D.Va. 2003)(government's offer to make videotape containing child pornography available for inspection, but not for copying, did not violate due process); United States v. Cox, 190 F.Supp.2d 330, 334 (N.D.N.Y. 2002) (denying defendant's motion for a protective order requiring the government to provide him with copies of physical evidence, including child pornography).

As in the cases cited, the United States in the case at bar has made an image of the hard drive, including copies of all charged child pornography, available to defense counsel since the inception of this case. Defendant argues that the contraband nonetheless should be turned over to his counsel and to a

civilian expert to allow them to prepare for motions and trial in this case. He further claims that restricting his access to the materials at a law enforcement agency would not allow his counsel to confer freely with his potential experts, one of whom resides out of state. See Defendant's Motion at 2-3.

The United States submits that these essentially amount to matters of convenience, and that they do not justify turning contraband over to defense counsel, let alone to a civilian. Defendant's reliance on the California case of United States v. Hill, 322 F.Supp.2d 1051, 1092 (C.D.Cal. 2004), is not compelling. In Hill, the court was faced with a case involving well over 1,000 images. In contrast, the number of child pornography images charged in the case at bar is 14. Further, the Hill court made a point of noting that the expert retained by the defendant was a prior law enforcement officer who had extensive experience specifically dealing with child pornography images. In contrast, the court in this case has no information about the expert witness to whom defense counsel wants to provide contraband in this case. Certainly, the expert has no known law enforcement experience (and no proffer has been made as to any background checks or security clearances that the expert successfully completed).

Defense counsel also relies on a recent case in this district in which Judge Nancy Gertner ordered contraband child pornography to be turned over to a defense counsel and an expert witness she had retained. See Defendant's Motion at 3.  The

United States notes that in that case, the United States retained an expert witness who developed a computer program the United States intends to use at trial, the defense requested a Daubert hearing on the expert, and the defense claimed to need the contraband in order to test the efficacy of the computer program for the Daubert hearing as well as for trial. No such issue exists in the case at bar.

Although the government opposes, the Court may determine that defense counsel, but not the civilian expert, should have in his possession a copy of the hard drive containing contraband. If the Court makes such a determination, then defense counsel as an officer of the Court should be required to keep the hard drive in his possession, and be present at all times it is used by the expert he retains.

The United States submits that the various factors cited by defense counsel in support of what is essentially a defense bid to obtain copies contraband images of child pornography for a civilian witness, are issues of convenience, and nothing more. The convenience of the expert and defense counsel simply do not justify the re-victimization of the children depicted in these images, or the risk that they will be further disseminated. It should not be forgotten that each of the very real victims of Defendant's criminal child pornography activities has suffered sexual exploitation, abuse, assault, humiliation, and degradation of the most profound kind. Every instance of viewing those images represents a renewed violation of the privacy of the

victims, and a repetition of their abuse.  If there is any means
by which further copying and distribution of those images of
child pornography - that contraband - can be avoided, it should
be.  "Convenience" for the defendant's  attorney and experts do
not justify unnecessarily reproducing and distributing the
pornographic images, at the cost of yet further victimization of
those children.

### Conclusion

For the reasons set forth above, the United States
respectfully requests that the Court to deny defendant's Motion
for Production of Discovery.

                            MICHAEL SULLIVAN
                            United States Attorney

                            DENA SACCO
                            Assistant United States Attorney

Dated:

## CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the person listed below a copy of the foregoing document by depositing in the United States mail a copy of same in an envelope bearing sufficient postage for delivery:

Timothy Watkins
Federal Defender Service
408A Atlantic Avenue
Boston, MA 02210

This 3rd day of January, 2004.

Dena T. Sacco
ASSISTANT UNITED STATES ATTORNEY