UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.    ) | CRIMINAL NO. 04-10317-RCL |
| ) | |
| ANDREW LEWIS ) | |

MOTION TO SUPPRESS STATEMENTS
AND PHYSICAL EVIDENCE

Defendant, Andrew Lewis, moves this Court to suppress statements made by him on February 8, 2003, June 27, 2003, February 12, 2004, February 16, 2004, and March 24, 2004. Defendant submits that the statements of February 8, 2003, June 27, 2003, and February 12, 2004 were involuntarily made, and that the statements of February 16, 2004 and March 24, 2004 were the products of the prior involuntary statements and illegal seizures previously made by law enforcement agents.

Defendant further moves to suppress any physical evidence seized and observations made during searches and seizures conducted on February 6 and 7, 2003, and on February 12, 2004. These searches and seizures were executed without a valid search warrant and in the absence of, and/or the involuntariness of, the consent of the defendant.

Finally, defendant moves to suppress evidence produced as a result of the examination of his personal computer (conducted in 2003) and his home Macintosh E-mac computer (conducted in 2004). The 2003 examination was conducted without a warrant and any

consent obtained by defendant was the product of coercion and thus involuntary. The 2004 examination was based on a search warrant that was itself the product of illegal acts of law enforcement, was based on an application that failed to particularize the process by which the search would be conducted, and was conducted beyond the expiration of the time specified in the warrant.

Defendant's statements (including any consents to search) and physical evidence seized must be suppressed on the following grounds:

1. Defendant did not knowingly, voluntarily, and intelligently waive his constitutional rights either when making the statements or consenting to the seizure of his home computer. See Miranda v. Arizona, 384 U.S. 436 (1966).

2. The statements and consents to search were not voluntarily made. See id.

3. Any after-acquired consent to seize and search either of the defendant's home computers was the fruit of the illegal seizure of the defendant's home computer. Wong Sun v. United States, 371 U.S. 471 (1963); United States v. Santa, 236 F.3d 662, 676 (11th Cir. 2000).

4. Any statements made by the defendant after the seizure and search of each of the defendant's home computers was the fruit of the illegal seizure of the computers. Id.

5. The subsequent search warrant was the fruit of the illegal seizure of the computer. Id.

6. The search warrant application was insufficiently particular in that it failed to set forth the procedure by which the examination would search for the targeted materials.

7. The forensic examination authorized by the search warrant was not completed within the ten-day time specified in the warrant. See United States v. Brunette, 76 F.Supp.2d 30, 42 (D.Me. 1999), aff'd 256 F.3d 14 (1st Cir. 2001).

8. Reliance on the warrant was not objectively reasonable

As further and more specific grounds requiring suppression of the defendant's statements and the physical evidence seized and searched, the defendant incorporates the attached Memorandum of Law In Support of Motion to Suppress Statements, Consents to Search, and Physical Evidence.

Since the initial seizures of each of the defendant's computers and the defendant himself were not supported by a warrant, the government has the burden of showing that the challenged police conduct was lawful.

REQUEST FOR EVIDENTIARY HEARING

Defendant requests an evidentiary hearing on this motion.

ANDREW LEWIS
By His Attorney,


/s/ Timothy G. Watkins
Timothy Watkins
B.B.O. #567992
Federal Defender Office
408 Atlantic Ave., 3rd Floor
Boston, MA  02110
Tel: 617-223-8061