UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Criminal No. 04-10317-RCL |
| v. | ) |
| ANDREW LEWIS | ) |

**GOVERNMENT'S MOTION *IN LIMINE* TO ADMIT EVIDENCE**

**Introduction**

As the Court is aware, the events in this case relate to three computers: the Gateway computer on which a National Park Service (NPS) employee found images leading to the investigation of the defendant, the defendant's work computer, which the defendant has admitted to using to view child pornography, and the defendant's personal Macintosh computer containing the movies charged in the indictment among other things. The government now moves *in limine* that the Court admit with respect to the Gateway computer a representative sampling of images found by the NPS employee, a representative sampling of images subsequently found by the computer forensics analyst, evidence of the quantity of images found on the computer, and names of Internet based newsgroups linked to child pornography. With respect to the Macintosh computer, the government moves to admit a representative sampling of still images found on the computer along with evidence of the approximate number of images; evidence regarding the defendant's use of a certain Yahoo identity, evidence of child pornography

1

related Internet newsgroups the defendant visited, and evidence of the type and quantity of other movies found on the defendant's Macintosh computer. The evidence of these items is admissible under Rule 404(b) because it goes directly to the defendant's intent, motive, knowledge and absence of mistake in using the computers to acquire pornography. Moreover, independent of Rule 404(b), the evidence helps the jury understand exactly why the defendant spoke with agents about child pornography on various dates in 2003, why the agents went to the defendant's residence to search his home computer, and it corroborates the agents' anticipated testimony as to what the defendant told them regarding his sexual interests and what he materials he possessed on the computers.

### **Relevant Facts**

In or around January, 2003, the defendant brought his personal Gateway computer to his office, and eventually placed it in a basement storage area along with other office computers when his supervisor barred him from using it in the workplace. In February, 2003, National Park Service ("NPS") employee Randall Becker, believing the Gateway computer to be a NPS computer, examined it and discovered a number of images depicting young males involved in sexual conduct.

In the ensuing investigation, one or more agents met with the defendant on February 8, 2003 and June 27, 2003. Based on the

defendant's statements and admissions during those meetings, along with the results of the consented-to forensics analysis of the Gateway computer during the summer of 2003, agents asked for and received the defendant's consent to search his home Macintosh EMAC computer on February 12, 2004, which led to the discovery of a small number of pictures of a girl in various stages of undress, and the defendant's subsequent request to meet with agents to discuss his use of the computer to further various sexual interests.  Following the discovery of child pornography during the forensics analysis of the Macintosh computer, agents met with the defendant again on March 24, 2004 to discuss, among other things, the movies which are the subject of the indictment.

### **Argument**

I.   <u>The Evidence the Government Seeks to Admit Has Special Relevance to the Defendant's Knowledge, Intent, and Absence of Mistake Regarding Receipt of Child Pornography</u>

"Rule 404(b) allows 'evidence of other crimes, wrongs or acts' to be introduced for certain permitted purposes, such as 'proof of motive, opportunity, intent**,** preparation, plan, knowledge**,** identity, or absence of mistake or accident.'" <u>United States v. Smith</u>, 292 F.3d 90, 98 (1st Cir. 2002)(quoting Rule 404(b)).  In determining whether to admit evidence under Rule 404(b), a court must perform the well established two-prong test. <u>United States v. Devin</u>, 918 F.2d 280, 286 (1st Cir. 1990).  First, the evidence must have a "special relevance" and must be "offered not merely to show

the defendant's propensity for crime, but to establish some material issue", id., such as intent or knowledge. United States v. Varoudakis, 233 F.3d 113, 118 (1st Cir. 2000). Second, the court must balance the probative value of the evidence against the danger of unfair prejudice as set forth in Rule 403. Devin, 918 F.2d at 286. The evidence the government seeks to introduce satisfies this requirement easily.

To state the obvious, the defendant's use of the Gateway computer to access the Internet to communicate with others interested in child pornography, to visit newsgroups associated with child pornography, and to actually acquire child pornography is relevant because it shows that the defendant had an interest in child pornography and knew how to obtain it. Indeed, courts have routinely admitted evidence of a defendant's prior possession of pornography, --whether adult or child, simulated or real, to show a "knowing interest" in child pornography. See United States v. Goff, 2005 U.S. App. LEXIS 25331 at *7 (5th Cir. Nov. 23, 2005)(upholding admission of testimony that defendant possessed magazine entitled "Barely Legal" because implicit in the title was that the subjects would be close in age to being illegal and evidence was thus admissible to show defendant had a "knowing interest in child pornography"); United States v. Layne, 43 F.3d 127, 134 (5th Cir. 1995)(upholding trial court's admission of evidence depicting "simulated child pornography" and actual child

pornography); <u>United States v. Garot</u>, 901 F.2d 1241, 1247 (10th Cir. 1986)(upholding admission of films depicting child pornography and exploitation found in defendant's apartment because they showed prior interest in child pornography); <u>see also</u> <u>United States v. Caldwell</u>, 1999 U.S. App. LEXIS 7417 at *24 (6th Cir. April 13, 1999)(defendant's possession of child erotica was probative because, *inter alia*, it "increase[ed] the probability" that [the defendant] enjoyed child erotica, which makes it more likely that he enjoyed child pornography, which makes it more likely that he knowingly possessed . . . child pornography").

Similarly, evidence of pornography other than the charged movies, including still images, movies, e-mails among other things, is relevant to show that the defendant's receipt of the charged movies was intentional rather than the product of innocent mistake. <u>See</u> <u>United States v. Nanda</u>, 1999 U.S. App. LEXIS 9028 at *18 (4th Cir. May 11, 1999)(Court did not err in admitting 12 uncharged images of child pornography and evidence of online chats with minors in 'knowing receipt' case where evidence "[was] relevant and necessary because [it] tended to show [the defendant's] intent, knowledge, and absence of mistake with regard to the [downloaded file that was the subject of the indictment]." ) <u>United States v. Dornhofer</u>, 859 F.2d 1195, 1199 (4th Cir 1988)(fact that defendant possessed notebooks and magazines containing child pornography shed doubt on defendant's argument that he mistakenly ordered the child

pornography that was the subject of the indictment); <u>United States</u>
<u>v. Riccardi</u>, 258 F. Supp. 2d 1212, 1235 (D. Kan. 2003)(images of
child erotica in defendant's photo album "[were] probative of [the
defendant's] knowledge and tend[ed] to prove lack of mistake" with
respect to photo albums depicting actual child pornography).

In addition, and independently of being admissible under Rule
404(b), the tangible evidence surrounding the Gateway and Macintosh
computers is admissible because it corroborates the veracity of the
defendant's statements to agents on February 16 and March 24, 2004
regarding his general sexual interests, his specific interests in
child pornography, and his use of computers and the Internet to
find and download still images <u>and</u> movies depicting children
engaged in sexual conduct.

Finally, the evidence should be admitted because it is
necessary for the jury to understand what prompted agents to begin
speaking to the defendant in early 2003, to seek his consent to
search the Gateway further, and to seek his consent to search the
Macintosh computer. <u>See</u> <u>United States v. Currier</u>, 821 F.2d 52, 55
(1st Cir. 1987)("[E]vidence of prior or contemporaneous uncharged
conduct may be admissible to complete the story of a crime by
proving the immediate context of events near in time and place.");
<u>United States v. Reveron-Martinez</u>, 836 F.2d 684, 688 (1st Cir.
1988)(evidence of uncharged acts is admissible "to show the chain
of events forming the context" of a crime); <u>United States v. Angle</u>,

234 F.3d 326, 343 (2000)(evidence of defendant's uncharged possession of child pornography prior to charged crimes was properly admitted where it "helped complete the story behind the charged offenses" by explaining some of the defendant's behavior); United States v. D'Alora, 585 F.2d 16, 20 (1978)("[e]vidence is not to be examined in isolation, but in its particular factual setting.").

    II.   <u>The Probative Value of the Proposed Evidence Outweighs any Unfair Prejudice to the Defendant</u>

    As noted above, the second step in this Court's determination whether to admit evidence under Rule 404(b) is to consider whether under Rule 403 the probative value of the proposed evidence "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ." <u>D'Alora</u>, 585 F.2d at 21.  No such risk exists here.  As noted above, the evidence is highly probative and goes directly to the proof of elements of the offense.  Moreover, while the government does intend to introduce evidence of the quantity of items found on the computers, it does not seek to introduce the images and movies and fiction stories themselves, save for the representative sampling of what Becker and Trooper Neff and the computer analyst found during the initial searches of the computers. <u>See</u> <u>Devin</u>, 918 F.2d at 288 (concluding that the admitted evidence was not unfairly prejudicial to the defendant because its "probative value was great" and "the

government did not attempt to saturate the record with disputed material out of proportion to legitimate need"); <u>Nanda</u>, 199 U.S. App. LEXIS 9028 at *19 ("relevance of the 404(b) evidence was not substantially outweighed by the danger of unfair prejudice under [Rule] 403, particularly considering that the district court limited the Government to twelve images out of 700 that were found on [defendant's] computer" and provided a limiting instruction). And, as noted above, excluding the evidence will likely confuse the jury, a result which Rule 403 seeks to prevent.  Therefore, this Court should find that the probative value of the proposed evidence substantially outweighs the risk of unfair prejudice to the defendant, and allow the Government to introduce the evidence during trial.

### Conclusion

Based on the foregoing, the Court should grant the government's motion *in limine*.

Respectfully submitted,
MICHAEL J. SULLIVAN
United States Attorney


BY: /s/Donald  L.  Cabell
Donald L. Cabell
Stephanie B. Siegmann
Assistant U.S. Attorneys
One Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3100

8