UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA        )
                                ) Criminal No. 04-10317-RCL
            v.                  )
ANDREW LEWIS                    )

## TRIAL BRIEF OF THE UNITED STATES

### Introduction

On October 13, 2004, a federal grand jury sitting in Boston returned a one-count indictment against the defendant, charging him with knowingly receiving several movies of minors engaged in sexual conduct, in violation of 18 U.S.C. §2252(a)(2).

### Summary of Government's Case-In-Chief

The government presently anticipates calling approximately eight witnesses at trial and estimates its case-in-chief will last approximately four days.

The government respectfully submits that the evidence at trial will show the following. In or around January of 2003, the defendant worked for the National Park Service at a facility in Salem, Massachusetts. In early 2003, the defendant brought a personal Gateway brand computer from home to work, ostensibly to use it in place of his NPS work computer. When the defendant learned from a superior that he was not permitted to do so, he placed the computer in a bin and placed the bin in the storage area

alongside many other obsolete computers stored there. A NPS employee subsequently discovered reported child pornography and reported the discovery to his supervisor.

As a result, the defendant met in February and June of 2003 with agents investigating the matter, and made a number of statements regarding his interest in viewing pornography. The defendant also consented to a further search of the computer and that search revealed a substantial number of images of minors engaged in sexual conduct, as well as evidence of use of the Internet to acquire pornography.

On February 12, 2004, agents searched a computer in the defendant's home and seized it following the discovery of a number of pornographic images. On or about February 16, 2004, the defendant met with agents and made several admissions regarding his use of the Gateway computer, his work computer and his home computer to view and collect child pornography. The subsequent forensic analysis of the home computer, coupled with the earlier analysis of the Gateway computer, corroborated the defendant's admissions and prompted agents to meet again with the defendant on March 24, 2004, at which time the defendant admitted to downloading the movies charged in the indictment.

## **Evidentiary Issues**

The government expects its evidence to principally come in the form of a percipient witness (Randall Becker), law enforcement

agents (SA's Glenn Van Neil and Khela Vasquez, and Massachusetts State Police Trooper Neff), a computer forensics analyst (Scott Grace), expert witness testimony regarding the ages of the persons depicted in the charged movies (Dr. Celeste Wilson), and various business records.[1]

The principal evidentiary issue almost certainly will be how much of the defendant's prior acts are admissible. The government has moved through a motion *in limine* to admit evidence of the defendant's prior use of the Gateway and work computers to view and acquire pornography. The government intends also to elicit testimony from the agents regarding statements the defendant made regarding his use of these computers to view and acquire pornography. As the government argues in its motion, this evidence is admissible under Rule 404(b) because it bears directly on the defendant's intent, knowledge and absence of mistake, and because it corroborates the testimony of the forensics analyst and the agents who interviewed the defendant regarding his use of the computers. Mindful of the risk of unfair prejudice, however, the government seeks to introduce only a small representative sampling of any images as noted in its motion.

The government also seeks on the same grounds to elicit

---

[1] This paragraph summarizes the nature of the evidence the government plans to introduce at trial but does not constitute the government's complete and formal witness or exhibits list, which the government will submit on or before April 21, 2006.

evidence that the defendant's Macintosh EMac computer, the one on which the charged movies were found, also contained fiction stories regarding child pornography, still images depicting minors engaged in sexual conduct, adult pornographic movies, and evidence of the defendant having visited Internet newsgroups relating to child pornography. The government expects that the defendant will seek to exclude this evidence.

The government also seeks to introduce evidence through business records that the defendant, who admitted to using a particular Yahoo identity to look for pornography, was in fact assigned that identity by Yahoo, and was also a subscriber of Comcast's broadband Internet service. The defendant has opined that this evidence may not be relevant unless the defendant first challenges the veracity of his statements to the agents regarding the same.

### Request for Special Trial Arrangements

The movies charged in the indictment are contained on a CD. The government expects to plug a laptop computer into the ELMO system and play the movies through the computer. The government presumes that the Court may want to limit access to the movies to the court personnel, the parties and the jury, i.e., preclude the audience from seeing the movies. The undersigned has spoken with Christopher Gross from the Clerk's Office regarding this issue, as well as what the protocol would be for playing the movies during

the anticipated jury deliberation, and is confident that the issue will be resolved by the time of trial.

                              Respectfully submitted,

                              MICHAEL J. SULLIVAN
                              United States Attorney

By:

                              /s/Donald L. Cabell
                              DONALD L. CABELL
                              STEPHANIE B. SIEGMANN
                              Assistant U.S. Attorneys
                              (617)748-3100