IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA   ) | |
| ) | CRIMINAL NUMBER |
| v.                         ) | 04-10317-RCL |
| ) | |
| ANDREW LEWIS,              ) | |
| ) | |
| Defendant.       ) | |

**GOVERNMENT'S REQUEST FOR JURY INSTRUCTIONS**

Pursuant to Fed. R. Crim. P. 30, the United States of America, by and through its attorneys, United States Attorney Michael J. Sullivan and Donald L. Cabell and B. Stephanie Siegmann, Assistant United States Attorneys for the District of Massachusetts, hereby submits its requests for jury instructions in the above-captioned matter.  The government reserves the right to supplement, modify, or withdraw these instructions in light of the defendant's jury instructions.

　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　MICHAEL J. SULLIVAN
　　　　　　　　　　　　　　　　United States Attorney

　　　　　　　　　　　　　By: /s/ Donald L. Cabell
　　　　　　　　　　　　　　　　Donald L. Cabell
　　　　　　　　　　　　　　　　B. Stephanie Siegmann
　　　　　　　　　　　　　　　　Assistant U.S. Attorneys

Dated:    April 12, 2006

## Government's Proposed Instruction No. 1
### (Presumption of Innocence; Proof Beyond a Reasonable Doubt)

It is a cardinal principle of our system of justice that every person accused of a crime is presumed to be innocent unless and until his guilt is established beyond a reasonable doubt. The presumption is not a mere formality. It is a matter of the most important substance.

The presumption of innocence alone may be sufficient to raise a reasonable doubt and to require the acquittal of a defendant. The defendant before you, Andrew Lewis, has the benefit of that presumption throughout the trial, and you are not to convict him of a particular charge unless you are persuaded of his guilt of that charge beyond a reasonable doubt.

The presumption of innocence until proven guilty means that the burden of proof is always on the government to satisfy you that the defendant is guilty of the crime with which he is charged beyond a reasonable doubt. The law does not require that the government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict. This burden never shifts to the defendant. It is always the government's burden to prove each of the elements of the crime charged beyond a reasonable doubt by the evidence and the reasonable inferences to be drawn from that evidence. The defendant has the right to

rely upon the failure or inability of the government to establish beyond a reasonable doubt any essential element of a crime charged against him.

If, after fair and impartial consideration of all the evidence, you have a reasonable doubt as to the defendant's guilt of a particular crime, it is your duty to acquit him of that crime. On the other hand, if after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt of the defendant's guilt of a particular crime, you should vote to convict him.

<u>First Circuit Pattern Jury Instructions</u> (Criminal), 3.02 (1998).

## Government's Proposed Instruction No. 2
### (Count One - Receipt of Material Involving the Sexual Exploitation of Minors)

Count One charges the defendant with violating Title 18, United States Code, Section 2252(a)(2).  Section 2252(a)(2) of Title 18 makes it a Federal crime for any person to knowingly receive any visual depiction that has been shipped or transported in interstate or foreign commerce, by any means including by computer, if the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct and the visual depiction is of such conduct.  To find the defendant guilty of Count One, the government must prove the following four elements beyond a reasonable doubt:

**FIRST**, That the Defendant knowingly received a visual depiction that had been shipped or transported in interstate or foreign commerce by any means including computer;

**SECOND**, That the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct;

**THIRD**, That such visual depiction is of a minor engaged in sexually explicit conduct; and

**FOURTH**, That the defendant knew that at least one of the performers in such visual depiction was a minor and knew that the visual depiction was of such minor engaged in sexually explicit conduct.

18 U.S.C. §2252(a)(2); <u>Eleventh Circuit Pattern Jury Instructions</u> (Criminal), Offense Instruction No. 75.2 (2003).

## Government's Proposed Instruction No. 3
### (Element - "Knowingly")

The word "knowingly" means that the act was done voluntarily and intentionally and not because of mistake or accident.

In this case, the term "knowingly" refers to an awareness of the sexually explicit nature of the material, and to the knowledge that the visual depictions were in fact of minors engaged in sexually explicit conduct.

The United States does not need to show that the defendant possessed specific knowledge as to the actual age of the person(s) in these video images.  Rather, the defendant must have knowledge or an awareness that the material contained visual depiction(s) of a minor(s) engaging in sexually explicit conduct.  Such knowledge may be shown by direct or circumstantial evidence, or both.

Adapted from <u>First Circuit Pattern Jury Instructions </u>(Criminal), 2.13 (1998); <u>United States v. X-Citement Video, Inc.</u>, 513 U.S. 64, 78 (1994); <u>United States v. Fabiano</u>, 169 F.3d 1299, 1303-04 (10th Cir. 1999).

## Government's Proposed Instruction No. 4
## (Inference of Knowledge - Willful Blindness)

In deciding whether the defendant acted knowingly, you may infer that the defendant had knowledge of a fact if you find that he deliberately closed his eyes to a fact that otherwise would have been obvious to him. In order to infer knowledge, you must find that two things have been established. First, that the defendant was aware of a high probability of the fact that a visual depiction was produced using a minor engaging in sexually explicit conduct. Second, that the defendant consciously and deliberately avoided learning of that fact. That is to say, the defendant willfully made himself blind to that fact. It is entirely up to you to determine whether he deliberately closed his eyes to the fact and, if so, what inference, if any, should be drawn. However, it is important to bear in mind that mere negligence or mistake in failing to learn the fact is not sufficient. There must be a deliberate effort to remain ignorant of the fact.

First Circuit Pattern Jury Instructions (Criminal), 2.14 (1998).

### **Government's Proposed Instruction No. 5**
### (Element - "minor")

The term "minor" is defined "as any person under the age of eighteen."

18 U.S.C. § 2256(1).

**<u>Government's Proposed Instruction No. 6</u>**
**(Element - "interstate commerce")**

The term "interstate commerce" means the movement of property, communications, images, or data from one state to another state or from one state to another country. The term "state" includes a state of the United States, the District of Columbia, and any commonwealth, territory, or possession of the United States.

If you find that the video images were transmitted or received over the Internet, that is sufficient to find that the images moved or traveled in interstate or foreign commerce.

<u>Eleventh Circuit Pattern Jury Instructions</u> (Criminal), Offense Instruction No. 75.2 (2003) (generally defining interstate commerce); see <u>United States v. Hilton</u>, 257 F.3d 50, 54 (1st Cir. 2001) ("proof of transmission of pornography over the Internet or over telephone lines satisfies the interstate commerce element of the offense[, 18 U.S.C. §2252A]."); <u>United States v. Carroll</u>, 105 F.3d 740, 742 (1st Cir. 1997) (transmission of sexually explicit photographs "by means of the Internet is tantamount to moving photographs across state lines and thus constitutes transportation in interstate commerce.").

8

## Government's Proposed Instruction No. 7
### (Element - "visual depiction")

The term "'visual depiction' includes undeveloped film and videotape, and data stored on computer disk or by electronic means which is capable of conversion into a visual image."  Data stored on a hard drive that may be viewed as an image, movie or video is a 'visual depiction' within the meaning of the statute.

18 U.S.C. § 2256(5).

## Government's Proposed Instruction No. 8
### (Element - "computer")

The term "computer" means an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device, but such term does not include an automated typewriter or typesetter, a portable hand-held calculator, or other similar device.

18 U.S.C. § 2256(6); 18 U.S.C. § 1030(e)(1).

**Government's Proposed Instruction No. 9**
**(Element -"sexually explicit conduct")**

The term "sexually explicit conduct" means actual or simulated:

>(A) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex;
>
>(B) bestiality;
>
>(C) masturbation;
>
>(D) sadistic or masochistic abuse; or
>
>(E) lascivious exhibition of the genitals or pubic area of any person.

18 U.S.C. §2256(2)(A).

**Government's Proposed Instruction No. 10**
**(Element -"lascivious exhibition of genitals or pubic area")**

In order to determine whether a visual depiction is a lascivious exhibition of the genitals or pubic area, you must consider the overall content of the visual depiction, while taking into account the age of the child or children depicted.

The following list of factors, while not exhaustive, are among the things you should consider:

    1) whether the focal point of the visual depiction is on the child's genitals or pubic area;

    2) whether the setting of the visual depiction is sexually suggestive, i.e., in a place or pose generally associated with sexual activity;

    3) whether the child is depicted in an unnatural pose, or in inappropriate attire, considering the age of the child;

    4) whether the child is fully or partially clothed, or nude;

    5) whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity; and

    6) whether the visual depiction is intended or designed to elicit a sexual response in the viewer.

It is not necessary that the images be intended or designed to elicit a sexual response in the average viewer, and you may consider whether the visual depictions would appeal to persons who are sexually attracted to children (i.e., "pedophiles").  Of course, a visual depiction need not involve all of these factors to be a lascivious exhibition, and it is

for you to decide the weight or lack of weight to be given to any of these factors.

---

United States v. Amirault, 173 F.3d 28, 31 (1st Cir. 1999) (citing United States v. Dost, 636 F. Supp. 828, 832 (S.D. Cal. 1986)).

## Government's Proposed Instruction No. 11
### (Proof Requirements - Single Image)

Although you have heard evidence that the defendant had multiple visual depictions of minors engaged in sexually explicit conduct, the government is required to prove only that the defendant received one single visual depiction of a minor or minors engaged in sexually explicit conduct.  Therefore, as long as you find beyond a reasonable doubt that the defendant knowingly received at least one of the charged video images, and that the other elements of the offense have been proven beyond a reasonable doubt, you must find the defendant guilty.

## Government's Proposed Instruction No. 12
### (Evidence of Defendant's Prior Similar Acts)

You have heard evidence that the defendant, Andrew Lewis, previously committed acts similar to those charged in this case.  You may not use this evidence to infer that, because of his character, the defendant committed the offense charged in this case.  You may consider this evidence only for the limited purpose of deciding:

(1) Whether the defendant had the state of mind or intent necessary to commit the crime charged in the indictment; or

(2) Whether the defendant had a motive or the opportunity to commit the acts charged in the indictment; or

(3) Whether the defendant committed the acts charged in the indictment by accident or mistake.

Remember, this is the only purpose for which you may consider evidence of defendant's prior acts.  Even if you find that the defendant may have committed similar acts in the past, this is not to be considered as evidence of character to support an inference that the defendant committed the acts charged in this case.

Adapted from First Circuit Pattern Jury Instructions (Criminal), 2.05 (1998); Huddleston v. United States, 485 U.S. 681, 691-92 (1988); United States v. Randazzo, 80 F.3d 623, 630 (1st Cir. 1996); United States v. LaTorre, 922 F.2d 1, 8 (1st Cir. 1990).

## **Government's Proposed Instruction No. 13**
### (Expert Witnesses)

You have heard testimony from persons described as experts. An expert witness has special knowledge or experience that allows the witness to give an opinion.

You may accept or reject such testimony. In weighing the testimony, you should consider the factors that generally bear upon the credibility of a witness as well as the expert witness's education and experience, the soundness of the reasons given for the opinion and all other evidence in the case.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it should be given.

<u>First Circuit Pattern Jury Instructions </u>(Criminal), 2.06 (1998).

## **Government's Proposed Instruction No. 14**
### **(On or About)**

You will note that the Indictment charges that the alleged offense was committed "on or about" a certain date.  The government does not have to prove with certainty the exact date of the alleged offense.  It is sufficient if the government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.