UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 04-10317-RCL |
| ) | |
| ANDREW LEWIS ) | |

DEFENDANT'S CONSOLIDATED RESPONSE TO GOVERNMENT'S TRIAL BRIEF AND OPPOSITION TO GOVERNMENT'S MOTION TO ADMIT EVIDENCE PURSUANT TO FED. R. EVID. 404(b)

Defendant, Andrew Lewis, hereby submits the following response to the government's trial brief and proffered Fed. R. Evid. 404(b) evidence.

A.  **Course of Investigation Prior to the Seizure of the E-mac Generally**.

In its trial brief and its Motion in Limine to Admit Evidence, the government signals that it intends substantial testimony concerning discovery of pornography on Lewis's Gateway personal computer ("Gateway"), which was first discovered February 6, 2003, as well as statements made prior to the seizure and search of the E-mac computer over a year later on February 12, 2004.  The government intends to introduce this testimony notwithstanding the fact that Lewis is not charged with possession of any child pornography found on the Gateway and not charged with possessing child pornography at all during the period at which he owned the Gateway.  As the government concedes, see Government's Motion in Limine to Admit Evidence

(hereinafter "Government's Motion"), all of the evidence is ordinarily be subject to exclusion under Fed. R. Evid. 404(b). Defendant opposes introduction of the government's case-in-chief of any of the evidence concerning the Gateway.

To be admissible, 404(b) evidence must have both "special relevance" and not include bad character or propensity as a necessary link in the inferential chain. United States v. Varoudakis, 233 F.3d 113, 118 (1st Cir. 2000). Further, even if specially relevant, the evidence should be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. Id.

Here the government has not established the special relevance necessary for admission. The government suggests that the Gateway evidence is admissible because (1) it shows his interest in child pornography, (2) it shows he knows how to use a computer and therefore did not receive the images on the E-mac by accident, and (3) it shows the agent's state of mind in speaking to Lewis in 2003. Government's Motion at 4-6. As to the first proffered reason, the government's effort is a tautology; it would argue that LaFortune was interested in child pornography prior to February, 2003 and so he must have been receiving child pornography in December, 2003. This is the quintessence of prohibited propensity evidence and, far from being evidence of motive, is instead precisely the type of evidence prohibited by

Fed. R. Evid. 404(a) and (b): evidence aimed at portraying defendant's character in a negative light or to show a propensity for bad acts. See <u>Varoudakis</u>, 233 F.3d at 124. All of the cases cited by the government are inapposite: in each, the district court allowed extrinsic evidence found <u>contemporaneously</u> with the discovery of charged child pornography rather than evidence, as here, relating to prior possession.

As to the second of the government's proffered bases for exceptions under Rule 404(b), the evidence will establish - and defendant will not dispute - that Lewis knew how to use the E-mac that he had purchased and that he surfed the internet. Consequently, there is no necessary "special relevance" to the proffered extrinsic evidence to warrant introduction. Finally, as to the third of the proffered bases, Fed. R. Crim. P. simply does not create - and none of the cases cited in the government's Motion support - an exception to the rule such that otherwise excludable and prejudicial evidence can be introduced to explain the actions of law enforcement.

In any event the proffered evidence should be excluded because its prejudicial, "undeniably explosive" effect substantially outweighs its probative value. See <u>United States v. Gilbert</u>, 229 F.3d 15, 26 (1st Cir. 2000); Fed. R. Evid. 403. Exclusion is particularly warranted here where the government can use other, non-prejudicial evidence to show identity.

Varoudakis, 233 F.3d at 122 ("[d]oubts about the probative value of prior bad acts evidence are . . . compounded when prosecutors have other evidence available, rendering negligible their need to show intent by prior bad acts")(citations and internal quotation marks omitted). Defendant expects the government to elicit from its law enforcement witnesses, including a computer forensic analysis expert, substantial testimony documenting Lewis's knowing use of the internet and file sharing programs during the relevant time period charged in the indictment as well as admissions by Lewis that he used these programs to surf the internet. Further, defendant expects the government to introduce Lewis's multiple admissions about his interest in child pornography made contemporaneously with and following the seizure of the E-mac. This evidence renders any need to show intent by introducing testimony, evidence, and admissions about the Gateway negligible and therefore the evidence must be excluded in its entirely. Id. In any event, as set forth below, there are independent reasons specific to many of the items of evidence that the government seeks to introduce that justify their exclusion from trial.

**B.   Specific 404(b) Items that Must Be Excluded**

    **1.   Evidence of the Quantity of Images Found on the Gateway Computer.**

In addition to the objection to introducing the evidence of the Gateway at all, defendant submits that the eliciting the

quantity of images found on the Gateway serves no probative purpose and will result in confusion and waste of time. See United States v. Fulmer, 108 F.3d 1486, 1497-98 (1st Cir. 1997) (reversing conviction where references to the Oklahoma City bombing, while of some probative value, tremendously outweighed by prejudicial impact).  Testimony at the Motion to Suppress hearing indicated that many of the pictures on the Gateway were of non-prohibited child erotica and non-prohibited adult pornography.  Upon knowledge and belief, the images were not submitted to an expert concerning either of these issues.  Should the government seek to elicit a statement about quantity, defendant will be forced to cross-examine the law enforcement or forensic witness concerning his lack of expertise in determining whether each image was legally prohibited and be forced to take up valuable court time with presenting each of the images to the government's pediatric expert.  The government should therefore be precluded from eliciting "the quantity of images found on the [Gateway] computer."  Government's Motion at 1.

    **2.    Names of Internet based newsgroups from the Gateway Computer linked to child pornography.**

Defendant opposes admission of testimony concerning names of "Internet based newsgroups linked to child pornography."  The testimony is irrelevant; there will be no independent testimony of the nature of the photos on any of the newsgroups and thus the proposed testimony would do nothing more than call on the jury to

speculate in order for it to draw the inference the government desires - that Lewis downloaded child pornography rather than non-prohibited pornography.  The proposed testimony is confusing, prejudicial, and a waste of time.  See Fulmer, supra, 108 F.3d at 1497-98.  In any event, defendant requests a voir dire of the government witness it intends to call to establish that a particular newsgroup is "linked to child pornography."

    **3.    A representative sampling of sampling of Evidence of the quantity of images found on the E-mac Computer**.

Defendant opposes introduction of images not charged in the indictment as cumulative, confusing, prejudicial, and a waste of time.  In any event the images - identified in the government's recently supplied Exhibit List "various images found . . . by MSP Trooper Thomas Neff" - are likely not be prohibited images but rather non-prohibited child erotica and/or non-prohibited depictions of individuals eighteen or older.  Upon knowledge and belief, the images were not submitted to an expert concerning either of these issues, and the government has not identified Neff as an expert witness in identifying pornographic images. Consequently, defendant will be forced to take up valuable court time with presenting each of the images - images not charged in the indictment - to the government's pediatric expert for review. Moreover, the images will be cumulative in a case that is expected to feature the display before the jury of the at least fourteen (14) sometimes graphic video clips alleged in the

indictment.

### 4. Evidence of the quantity of images found on the E-mac Computer.

As with the Gateway, defendant submits that the eliciting the quantity of images found on the Gateway serves no probative purpose and will result in confusion and waste of time. Counsel's review of discovery and the forensic report regarding the E-mac indicates that many of the pictures are of non-prohibited child erotica and non-prohibited adult pornography. Upon knowledge and belief, the images have not been submitted to an expert concerning either of these issues. Should the government seek to elicit a statement about the quantity of images, defendant will be forced to cross-examine the forensic witness concerning his lack of expertise in determining whether each image was legally prohibited and be forced to take up valuable court time with presenting each of the images to the government's pediatric expert.

### 5. Evidence regarding Lewis's use of a certain Yahoo! identity.

Introduction of the Yahoo! Account Management Tool to show Lewis used a particular identity has little or no probative value. The evidence at trial will show that none of the images charged in the indictment was downloaded directly or indirectly by way of any Yahoo! affiliated group or website. Nor is there any reliable indication that <u>any</u> images - prohibited or otherwise

- were downloaded during the time period specified in the indictment using the Yahoo user identity. The evidence that Lewis used this particular identity is therefore likely to be confusing, prejudicial, and a waste of time. It should be excluded.

### 6. Evidence of child pornography-related Internet newsgroups the defendant visited using the E-mac.

As with the Gateway, defendant opposes admission of testimony concerning evidence of "child pornography related Internet newsgroups" visited using the E-mac. The testimony is irrelevant as there will be no independent testimony of the nature of the photos on any of the newsgroups and thus the proposed testimony would do nothing more than call on the jury to speculate in order for it to draw the inference the government desires - that Lewis downloaded child pornography rather than non-prohibited pornography. Moreover, any slight probative value of these chats is far, far outweighed by the unfair prejudice injected into the trial. See United States v. Grimes, 244 F.3d 375, 385 (5th Cir. 2001)(reversed: in possession of child pornography case, district court should not have introduced "vile" "gruesome" sex narratives found on defendant's computer despite probative value).

The proposed testimony is confusing, prejudicial, and a waste of time and should not be admitted. In any event, defendant requests a voir dire of the government witness it

intends to call to establish that a particular newsgroup is "child pornography related."

### 7. Evidence of the type and quantity of other movies found on the E-mac.

Defendant opposes admission of video clips not charged in the indictment. The government has already charged fourteen (14) video clips as its allegation in the indictment. The admission into testimony of an additional eight movies is of slight probative value and will nothing but inject confusion and prejudice into the trial. Nor can a limiting instruction cure such confusion and prejudice - the jury will be asked to consider fourteen video clips as the substance of the indictment while being instructed to ignore the eight others proffered except for a limited specialized purpose. Such an instruction is likely to create even more chaos in the jury's decision-making process. The additional eight videos must be excluded.

ANDREW LEWIS
By His Attorney,

/s/ Timothy G. Watkins
Timothy Watkins
B.B.O. #567992
Federal Defender Office
408 Atlantic Ave., 3rd Floor
Boston, MA  02110
Tel: 617-223-8061

CERTIFICATE OF SERVICE

    I, Timothy G. Watkins, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on April 17, 2006.

                                      /s/ Timothy G. Watkins
                                      Timothy G. Watkins