```
                IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA      )
                              )     CRIMINAL NO. 04-10317-RCL
        v.                    )
                              )
ANDREW LEWIS,                 )
                              )
        Defendant.            )
```

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE RE:**
**EXPERT WITNESS DR. CELESTE WILSON**

The United States of America, by and through its undersigned attorneys, files the following memorandum in response to the Defendant's motion *in limine* regarding Dr. Celeste Wilson. For the reasons set forth below, the Defendant's motion should be denied.

The Defendant does not contest Dr. Wilson's qualifications to render an opinion as to the ages of the children that appear in the charged videos but rather seeks through his motion to preclude Dr. Wilson from testifying that the videos contain "real" children. During its direct examination of Dr. Wilson, the government will not ask Dr. Wilson to opine about whether the images of children were computer generated or computer altered. As the government has informed the Defendant, the government's direct examination will be focused on Dr. Wilson's review of the individuals that appear in each of videos and whether each of the videos contains minors.

The government anticipates that Dr. Wilson will testify that at least one image in each of the videos is a child under the age

of 18.  In so doing, Dr. Wilson will likely refer to at least one of the individuals in each video as a (1) child; or (2) a girl or boy.  Dr. Wilson will also testify about how she reached this conclusion using her training and experience (having examined thousands of children since becoming a doctor) and what she observed in each video.  For example, Dr. Wilson will testify about the process by which she reached her conclusion regarding age.  She will explain that, among other things, she looked at (1) facial structure; (2) body proportions; (3) genitalia development; and (4) evidence of medical conditions or hormonal syndromes that would cause development delays.  Presumably, the Defendant would like Dr. Wilson to testify in the most sterile and artificial manner -- that actor 1 or 2 appears to be under the age of 18.  The Government contends that this is not required, would be misleading, and would only serve to confuse the jury.

   Additionally, since the Defendant has already conceded that Dr. Wilson is qualified to render an opinion on the ages of the children in the videos, no voir dire is necessary.  This court should not allow the defense to use voir dire simply to obtain a preview of the scope of the expert's testimony.  Such a use of voir dire is akin to a deposition of an expert, which is restricted to civil discovery and would only serve to waste the court's time where no one disputes an expert's qualifications under <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579

(1993) and its progeny.  See Fed. R. Evid. 104 (a); see also Fed. R. Evid. 705 ("expert may testify in terms of opinion or inference and give reasons therefor without first testifying to the underlying facts or data, unless the court requires otherwise.").

WHEREFORE, the Government respectfully requests that the Defendant's motion *in limine* regarding Dr. Wilson be denied in its entirety.

                                        Respectfully submitted,

                                        MICHAEL J. SULLIVAN
                                        United States Attorney

                                 By: /s/ B. Stephanie Siegmann
                                        Donald L. Cabell
                                        B. Stephanie Siegmann
                                        Assistant U.S. Attorneys

Dated:    April 19, 2006