UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 04-10317-RCL |
| | ) | |
| ANDREW LEWIS | ) | |

<u>DEFENDANT'S RESPONSE TO GOVERNMENT'S PROPOSED JURY INSTRUCTIONS</u>

Defendant, Andrew Lewis, requests pursuant to Fed. R. Crim. P. 30 that the Court include the following modifications to the government's proposed instructions to the jury.  Defendant respectfully reserves his right under Fed. R. Crim. P. 30 to submit appropriate further instructions or to amend or withdraw these requests prior to the close of evidence in the case.

**Government's Proposed Instruction No. 2 - Receipt of Material**

Defendant submits that the Fourth element is the government's instructions actually includes two elements and recommends that it be explained more simply as follows:

**Fourth:** That the minor is a real child under the age of 18; and

**Fifth:** That the defendant knew that such visual depiction was of an actual minor engaged in sexually explicit conduct.

**Government's Proposed Instruction No. 3 - Knowingly**

Defendant submits that the second sentence in the third paragraph should read as follows:

1

> Rather, the government must show that Mr. Lewis had
> knowledge or an awareness that the material contained a
> visual depiction of an actual child, not a virtual
> child or an adult, and that Mr. Lewis knew that the
> actual child was engaging in sexually explicit conduct.

This sentence of the instruction more clearly explicates that a defendant must know that the depiction was of a real child. United States v. Syphers, 426 F.3d 461, 465 (1st Cir. 2005), citing United States v. Hilton, 386 F.3d 13, 18 (1st Cir. 2004); Ashcroft v. Free Speech Coalition, 535 U.S. 234, 252-255 (2002)(pornography-banning statutes must be strictly construed to protect First Amendment values); United States v. X-Citement Video, Inc., 513 U.S. 64, 78 (1994)("For all of the forgoing reasons, we conclude that the term "knowingly" in § 2252 extends both to the sexually explicit nature of the material and to the age of the performers.")

**Government's Proposed Instruction No. 4 - Willful Blindness**

No factual or inferential basis for this instruction exists. Defendant objects to giving such a charge.

**Government's Proposed Instruction No. 6 - Interstate Commerce**

Defendant objects to an instruction that directs the jury to consider a particular piece of evidence in determining whether the government has satisfied an essential element; the instruction has the practical effect of relieving the government of its burden of proof, i.e., whether the items moved in interstate commerce.  Neither of the cases cited by the

-2-

government, Hilton, supra, and United States v. Carroll, 105 F.3d
740, 742 (1st Cir. 1997), involved jury instructions.  Rather,
they considered only whether sufficient evidence had been
presented to support a finding of guilty.  Defendant therefore
objects to the second paragraph of this instruction and requests
that it be deleted.

**Government's Proposed Instruction No. 10 - Lascivious Exhibition**

Defendant does not object to the six factors listed for
consideration by the jury in determining lasciviousness, the so-
called "Dost factors."  See United States v. Amirault, 173 F.3d
28, 31 (1st Cir. 1999), citing United States v. Dost, 636 F.
Supp. 828,, 832 (S.D. Cal. 1986).  Defendant objects to the
following sentence:

> It is not necessary that the images be intended or
> designed to elicit a sexual response in the average
> viewer, and you may consider whether the visual
> depictions would appeal to persons who are sexually
> attracted to children, i.e., "pedophiles").

The instruction is confusing because it asks the jury to consider
the evidence from an objective pedophile's point of view and
incendiary because it naturally tautological assumption that
defendant is himself a pedophile.  Nor does this sentence find
support in Amirault or Dost: as the First Circuit has noted, the
sixth Dost factor is the most confusing of the factors and is
susceptible to misuse.  Amirault, 173 F.3d at 24.  The sentence
requested by the government invites more confusion and potential

-3-

misunderstanding by the jury.  The sentence should be eliminated from the instruction.

Defendant also requests that "Of course" be removed from the following sentence as superfluous.

**Government's Proposed Instruction No. 11 - Single Image**

The defendant requests that the first sentence be changed from "Although you have heard evidence . . ." to "Although the government has alleged . . ."  Defendant further requests that an unanimity charge be added to the end of the instruction as follows:

> However, you the jury must unanimously agree on that the government has proved the elements of the charge beyond a reasonable doubt as to at least one of the video images.  It is not sufficient to convict if some of you agree that the defendant acted with respect to one picture while others agree to another.

**Government's Proposed Instruction No. 12 - Prior Similar Acts**

Defendant requests the opportunity to submit an instruction concerning any Fed. R. Evid. 404(b) evidence admitted at the conclusion at trial so that the instruction may be more carefully drawn.  See First Circuit Pattern Criminal Instructions § 2.06, commentary note 3 ("Courts should encourage counsel to specify and limit the purpose or purposes for which prior act evidence is admitted. . . . instructions should be given only for the corresponding specific purpose for which the evidence was admitted. Instructions for purposes other than that for which the specific evidence was admitted should not be given.").

-4-

**Defendant's Proposed Instruction No. 1 - Law Enforcement Witness**

You have heard the testimony of law enforcement officers and other government officials.  The fact that a witness may be employed by a state or the federal government as a law enforcement officer or other government employee or official does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement or government witness on the grounds that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

United States v. Bethancourt, 65 F.3d 1074 (3rd Cir. 1995); Bush v. United States, 375 F.2d 602 (D.C. Cir. 1967).

ANDREW LEWIS
By His Attorney,


/s/ Timothy G. Watkins
Timothy Watkins
B.B.O. #567992
Federal Defender Office
408 Atlantic Ave., 3rd Floor
Boston, MA  02110
Tel: 617-223-8061


CERTIFICATE OF SERVICE

    I, Timothy G. Watkins, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on April 19, 2006.


/s/ Timothy G. Watkins
Timothy G. Watkins