```
                   UNITED STATES DISTRICT COURT

                    DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA      )
                              )
         v.                   )    CRIMINAL NO. 04-10317-RCL
                              )
ANDREW LEWIS                  )
```

DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION IN LIMINE TO ADMIT
ADMISSION OF PARTY-OPPONENT

Defendant, Andrew Lewis, submits this memorandum in support of his motion in limine to admit the following statement by the Solicitor General of the United States the admission of a party-opponent:

> It is possible to produce computer images that are virtually indistinguishable from images of real minors engaged in sexually explicit conduct.

I.  THE ADMISSION IS RELEVANT AND WILL NOT RESULT IN UNDUE CONFUSION.

The government appears to agree that the admission above qualifies as an admission of a party-opponent. See Fed. R. Evid. 801(d)(2). Rather, the government challenges its relevance and suggests that the statement may be confusing in the context of the instant prosecution, primarily (the government contends) because the admission was made in contemplation of photographic images rather than video depictions it intends to introduce against the defendant here. The government's contention is not supported by the context of its original admission to the Supreme Court.

In its brief to the Supreme Court in <u>Free Speech Coalition v. Ashcroft</u>, 535 U.S. 234, 254 (2002), the government made no attempt to limit its argument regarding virtual child pornography to photographic evidence.  In fact, it argued in its opening brief that

> [C]omputers can alter sexually explicit depictions so as to make it virtually impossible * * * to identify individuals, or to determine if the offending material was produced using children . . .
>
> As the technology of computer-imaging progresses, it will become increasingly difficult, if not impossible, to distinguish computer-generated from photographic depictions of child sexual activity.  It will therefore become almost impossible for the Government to meet its burden of proving that a pornographic image is of a real child. Statutes prohibiting the possession of child pornography produced using actual children would be rendered unenforceable and pedophiles who possess pornographic depictions of actual children will go free from punishment.

2000 U.S. Briefs 795, 4-6 (U.S. S. Ct. Briefs 2001), <u>citing</u> S. Rep. No. 358 (internal quotation marks omitted).  While the term "photographic" appears once, the government's deliberate selection of terms such as "depictions," "offending material," "depictions of . . . activity" makes crystal clear that the government's admission encompassed all media and did not somehow limit its applicability to just photographs.

Moreover, the admission is even more applicable to the visual depictions at issue here because these images were allegedly downloaded more than two years after the government's admission.  As the above passage from the government's brief

makes clear, the admission was made with the explicit recognition that advances in computer technology would, as time went on, render it <u>more</u> likely that images "virtually indistinguishable from images of real minors engaged in sexually explicit conduct" could be produced.  This background eliminates any contention that admission of the Solicitor General's statement is irrelevant or confusing.  The statement must therefore be admitted.

II.  THE COURT MAY NOT ADMIT SUBSEQUENT CONGRESSIONAL FINDINGS TO QUALIFY THE ADMISSION.

The government, citing <u>United States v. Marchand</u>, 308 F. Supp. 2d 498 (D.N.J. 2004), has suggested that if the Court allows the Solicitor General's statement to be admitted as an admission by a party/opponent it also should allow a 2000 Congressional finding that the technology to create virtual pornography is prohibitively expensive.  The Court must decline the government's suggestion.

Unlike the defendant in <u>Marchand</u>, defendant does not move to admit the Congressional finding that (the government contends) precipitated the Solicitor General's admission.  In <u>Marchand</u>, the defendant's decision to admit the original 1996 Congressional finding apparently compelled the district court, perhaps on a theory of completeness, <u>see</u> Fed. R. Evid. 106, to consider a subsequent 2000 Congressional finding that occurred after the Supreme Court delivered its opinion in <u>Ashcroft</u>.  <u>Marchand</u>,

-3-

supra, 308 F. Supp. 2d at 506.  The Marchand opinion is not at all clear as to the basis for this admission (or whether the defendant objected to its omission) but the Federal Rules of Evidence clearly bar the admission of such a finding.  Fed. R. Evid. 803(8) provides that such findings may be admitted as exceptions to the hearsay rule only in the following limited circumstances:

> **Public records and reports**: Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth . . . (C) in civil actions and proceedings and against the Government in criminal cases, factual findings resulting from an investigation made pursuant to authority granted by law . . .

(emphasis supplied).  Here, it is the government that is seeking to introduce the 2000 Congressional finding; thus, the plain language of the Federal Rules of Evidence bars the government from introducing the statement as it has suggested.  In any event the government has not supplied any authority (outside of the specific circumstances in Marchand) for its contention that a subsequent statement, hearsay or not, may be admitted to explain or contradict an earlier admission of a party opponent.  The government has not disavowed the statement; indeed, as late as 2004 in Marchand the government has conceded that the Solicitor General statement is admissible as the admission of a party opponent in a child pornography prosecution.  The statement is therefore admissible substantively and, as it did in Marchand,

the government in this matter is free to try to prove to the jury why the statement does not apply to the evidence it intends to introduce at defendant's trial.

```
                              ANDREW LEWIS
                              By His Attorney,


                              /s/ Timothy G. Watkins
                              Timothy Watkins
                              B.B.O. #567992
                              Federal Defender Office
                              408 Atlantic Ave., 3rd Floor
                              Boston, MA  02110
                              Tel: 617-223-8061
```

CERTIFICATE OF SERVICE

I, Timothy G. Watkins, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on April 23, 2006.

```
                              /s/ Timothy G. Watkins
                              Timothy G. Watkins
```