UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.          ) | CRIMINAL NO. 04-10317-RCL |
| ) | |
| ANDREW LEWIS ) | |

DEFENDANT'S MOTION TO RECONSIDER INTERSTATE COMMERCE INSTRUCTION

Defendant, Andrew Lewis, respectfully requests that the Court reconsider its intention to include the following language in its instructions to the jury:

> An image has been shipped or transported in interstate commerce if it has been transmitted over the Internet.

At today's charge conference, the Court based its decision in part by analogizing to common carrier cases. Defendant respectfully submits the analogy is inapt.

The wire fraud statute, 18 U.S.C. § 1341, criminalizes the use of the U.S. mails, or private or commercial carriers to commit fraud. Id. Unlike the statue in this case, 18 U.S.C. §2254A, the mail fraud statute does not require proof of interstate transport and instead specifies and requires the use of one of the methods - the U.S. Post Office, private or commercial carriers - to establish federal jurisdiction. Id. The jurisdictional basis of the mail fraud statute is ground in the Congress's exercise of the postal power and therefore

1

necessarily encompasses all items passing through the mail. United States v. Photogrammetric Data Servs., 259 F.3d 229, 247-48 (4th Cir. 2001)(overruled on other grounds by Crawford v. Washington, 541 U.S. 36 (2004). Because the jurisdiction is pursuant to the postal power, the statute prohibiting use of the mails and common carriers applies to mailings even if their passage is purely intrastate. United States v. Elliot, 89 F.3d 1360, 1364 (8th Cir. 1996).

Because the statute at issue in this case bases federal jurisdiction specifically on ordinary commerce clause considerations - the requirement that the image move in interstate commerce - the analogy to common carrier cases is inapt. More relevant as an analogy, defendant contends, is the wire fraud statute. 18 U.S.C. § 1343 is similar to the mail fraud statute in nearly all respects except that it specifically requires an interstate wire transmission. Id. Consequently, to secure a conviction under that statute, the government must prove the use of an interstate wire communication. See Id. First Circuit Pattern Criminal Jury Instructions § 4.18.1343. That instruction includes the explanation to the jury that "interstate wire communications include telephone communications from one state to another." Id.

Defendant requests that the Court reconsider its intention to eviscerate the interstate jurisdictional requirement in §

2252A by equating Internet use with interstate commerce, whether or not the electronic transfer of files crosses interstate boundaries.  The Court should eliminate the proposed instruction.

If the Court nevertheless intends to include the Internet language, defendant requests that it do so by adapting the First Circuit Pattern Criminal Jury Instructions as follows:

> Transmission through interstate commerce includes internet transmissions from one state to another.

                          ANDREW LEWIS
                          By His Attorney,

                          /s/ Timothy G. Watkins
                          Timothy Watkins
                          B.B.O. #567992
                          Federal Defender Office
                          408 Atlantic Ave., 3rd Floor
                          Boston, MA  02110
                          Tel: 617-223-8061

## CERTIFICATE OF SERVICE

I, Timothy G. Watkins, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on April 27, 2006.

                          /s/ Timothy G. Watkins
                          Timothy G. Watkins