UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL NO. 04-10317-RCL |
| | ) |
| ANDREW LEWIS | ) |

MOTION FOR JUDGMENT OF ACQUITTAL

Defendant, Andrew Lewis, respectfully moves pursuant to Fed. R. Crim. P. 29 that this court order the entry of a judgment of acquittal on Count One of this amended indictment. As grounds for this motion, defendant states that the evidence, taken in the light most favorable to the government, is insufficient to permit a reasonable finder of fact to conclude, beyond a reasonable doubt, either (1) that the video clips depicted real minors, or (2) that the video clips had traveled in interstate commerce.

1. THE GOVERNMENT HAS NOT MET ITS BURDEN PROOF THAT THE ALLEGED MINORS DEPICTED IN THE VIDEO CLIPS ARE REAL

In order to secure a conviction for receiving child pornography, the government must prove that the images at issue depict actual - rather than virtual or altered - children. United States v. Hilton, 386 F.3d 13, 18 (1st Cir. 2004). The government must present evidence from which the jury may make that determination:

> the government is not released from its burden of proof by a defendant's failure to argue, or by an absence of evidence otherwise suggesting, the artificiality of the children portrayed. That the children in the images are

real amounts to an element of the crime which the government must prove, the burden of which should not be displaced to the defendant as an affirmative defense.

Id.  The First Circuit initially suggested that to convict under § 2252A(a)(5)(B), the government must supplement the images with other relevant evidence proving that the children portrayed are real.  United States v. Hilton, 363 F.3d 58, 65 (1st Cir. 2004), vacated by, opinion withdrawn by, rehearing en banc denied by Hilton, 386 F.3d 13 (1st Cir. 2004).  Although the substituted Hilton opinion did not contain the same explicit language, neither did the First Circuit disavow it.  More importantly, the Court of Appeals has recently indicated that the requirement of supplemental relevant evidence is still the law of the circuit.  In denying a counsel's Motion to Withdraw pursuant to Anders v. California, Judge Torruella explained:

> [T]he record suggests the following non-frivolous ground for appeal: did the district court impermissibly relieve the government of its burden of proof when it determined that Rodriguez possessed 10 sexually explicit images of children, even though there had been no expert testimony concerning whether one of those ten images was real?  In the First Circuit, it remains an open question whether, to prove the reality of an image, the government must present "relevant evidence in addition to the image[]."  United States v. Hilton, 363 F.3d 13 (1st cir. 2004)(interpreting Ashcroft v. Free Speech Coalition, 535 U.S. 234 (2002)), withdrawn by 386 F.3d 13 (1st Cir. 2004).  The decisions of other circuit courts of appeals addressing this question are not binding in this court.

<u>United States v. Rodriguez-Pacheco</u>, No. 05-1815, Order of April 4, 2006. The relevant portion of the docket sheet setting forth the Order is attached hereto.

In the instant matter, the government has introduced <u>no</u> relevant evidence in addition to the video clips it has played for the jury. Indeed, far from carrying its burden, the government has made no attempt even to rebut the admitted statement of the Solicitor General that "it is possible to produce computer images that are virtually indistinguishable from photographs of real minors engaged in sexually explicit conduct." Consequently, the evidence presented by the government in this case is insufficient to disprove the artificiality of the children allegedly portrayed. <u>Hilton</u>, <u>supra</u>, 386 F.3d at 18.

2. THE GOVERNMENT HAS NOT MET ITS BURDEN OF PROOF THAT THE <u>VIDEO CLIPS TRAVELED IN INTERSTATE COMMERCE</u>.

To secure a conviction for receiving child pornography, the government must prove that the depictions were transported in interstate or foreign commerce by any means, including by computer. 18 U.S.C. 2252A(a)(2)(A). As to this element of the charge, the following evidence was elicited from the government's expert witness and is undisputed:

- All of the charged video clips were downloaded to defendant's computer using Limewire software which facilitates the use of a peer-to-peer network to seek and download files.

- When a user requests a file be downloaded, Limewire creates a direct connection to another computer through which the download is completed.

- This direct connection does not require the services of a server; rather, the content to be downloaded travels directly from one Internet Protocol Address to another. It may reach its destination using only wire and a router or concentrator.

- Due to the nature of this direct connection, it is possible that the signal containing the downloading file travels entirely within the Commonwealth of Massachusetts.

In essence, the government's own witness has admitted that no interstate travel need necessarily occur for the video clips that are the subject of the indictment to be downloaded to defendant's computer. Consequently, defendant submits that this evidence, even taken in the light most favorable to the government, fails to establish the requisite jurisdictional element.

The government will likely rely on United States v. Carroll, 105 F.3d 740 (1st Cir. 1997), for the proposition that "[t]ransmission of photographs by means of the Internet is tantamount to moving photographs across state lines and thus constitutes transportation in interstate commerce." Id. at 740. Defendant submits that Carroll is inapposite for at least three reasons.

In Carroll, the government satisfied the interstate commerce requirement through the testimony of the then 15 year-old girl

that Carroll planned to distribute sexually suggestive photographs of her over the internet by using a friend's computer. <u>Id.</u> at 742. The computer that Carroll intended to use to scan and broadcast the images was in Massachusetts, and Carroll had photographed the girl in New Hampshire. <u>Id.</u> It was in this context that the <u>Carroll</u> court found the evidence sufficient and deemed the planned internet broadcast "tantamount" to movement across state lines. <u>Id.</u>

Here, by contrast, the evidence presented at trial describes a discrete and identifiable past <u>receipt</u> of transmission rather than the wholesale future broadcast of offensive matter; the First Circuit's analogy of internet traffic to likely transmission over state lines thus carries far less force. Additionally, the statement analogizing internet use to transmission over state lines was arguably dicta in <u>Carroll</u>: the First Circuit stressed the fact that Carroll would necessarily have had to travel with the pictures across state lines even to get to the computer from which he would further transmit the photos. Finally, defendant notes that <u>Carroll</u> was decided in 1997 and described events that took place in 1995, well before the widespread use of the type of peer-to-peer network used in this case as described by the government's expert witness.[1]

---

[1] Although the expert's witness was not entirely clear on the point at which peer-to-peer networks became popular, counsel for

In any event, <u>Carroll</u> determined <u>only</u> whether there was sufficient evidence on the factual record. Here, the factual record is clear. Notwithstanding various characterizations of what the term "Internet" identifies, the undisputed fact remains that the depictions at issue did not necessarily have to have crossed state lines before being downloaded into defendant's computer. A judgment of not guilty must enter.

## **CONCLUSION**

Defendant respectfully requests that the court enter a judgment of acquittal on this count.

ANDREW LEWIS
By his attorney,

/s/ Timothy G. Watkins
Timothy Watkins
B.B.O. #567992
Federal Defender Office
408 Atlantic Ave., 3rd Floor
Boston, MA  02110
Tel: 617-223-8061

---

the government in her opening referred to Limewire as a type of program similar to what Napster, one of the first file sharing programs, used to be. Napster was created in 1999 two years after <u>Carroll</u> was decided. See <u>A Brief History of Napster</u>, http://iml.jou.ufl.edu/projects/Spring01/Burkhalter/Napster%20history.html (last visited April 26, 2006).

CERTIFICATE OF SERVICE

    I, Timothy G. Watkins, hereby certify that a true copy of the above Motion was served upon Assistant U.S. Attorneys Donald L. Cabell and B. Stephanie Siegmann on April 27, 2006.

*/s/ Timothy Watkins*
Timothy Watkins



If you view the full docket, you will be charged for 6 Pages    $ 0.48

## US Court of Appeals for the First Circuit
## Case Summary

```
Court of Appeals Docket #: 05-1815                                    Filed: 6/9/05
Nsuit:   0  (Criminal or NOT SET)
US v. Rodriguez-Pacheco
Appeal from: U.S. District Court of PR

Lower court information:
     District: 0104-3 : 03-00190                    lead: 03-00190
     Ordering Judge: Daniel R. Dominguez
```

| | |
|---|---|
| 3/24/06 | MOTION requesting reconsideration of court's order dated 02/24/06 filed by Appellant David Rodriguez-Pacheco. Certificate of service dated 3/17/06 by mail. [05-1815] (mani) |
| 4/4/06 | ORDER entered by Judge Juan R. Torruella. The appellant's counsel has filed a motion requesting reconsideration of our 2/24/06 order denying her request to withdraw as counsel, and ordering her to brief the non-frivolous issue identified in that order.    The motion for reconsideration is denied. As we previously made clear, the record suggests the following non-frivolous ground for appeal: did the district court impermissibly relieve the government of its burden of proof when it determined that Rodriguez possessed 10 sexually explicit images of children, even though there had been no expert testimony concerning whether one of those ten images was real?  In the First Circuit, it remains an open question whether, to prove the reality of an image, the government must present "relevant evidence in addition to the image[]." United States v. Hilton, 363 F.3d 58, 63-66 (1st Cir. 2004) (interpreting Ashcroft v. Free Speech Coalition, 535 U.S. 234 (2002)), withdrawn by 386 F.3d 13 (1st Cir. 2004). The decisions of other circuit courts of appeals addressing this question are not binding in this court.    The motion for reconsideration is DENIED. Counsel is directed to file an advocate's brief within thirty (30) days from the date of this order. [05-1815] (mani) |

## PACER Service Center
### Transaction Receipt
04/26/2006 16:24:57

| PACER Login: | fd0427 | Client Code: | |
|---|---|---|---|