IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CRIMINAL NO. 04-10317-RCL |
| v. ) | |
| ) | |
| ANDREW LEWIS, ) | |
| ) | |
| Defendant. ) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR
JUDGMENT OF ACQUITTAL**

The United States of America, by and through its undersigned attorneys, files this memorandum in opposition to the Defendant's motion for judgment of acquittal. When a defendant seeks judgment of acquittal under Fed. R. Crim. P. 29(c), "the test is whether, taken as a whole and viewed in light most favorable to the government, the evidence and all legitimate inference to be drawn therefrom, would support a rational trier of fact's finding of guilt beyond a reasonable doubt." United States v. Martinez, 922 F.2d 914, 923 (1st Cir. 1991) (quoting Jackson v. Virginia, 443 U.S. 307, 219 (1979)). As discussed in more detail below, the government presented ample evidence from which the jury could conclude that (1) the minors depicted in the movie files are actual children and (2) the movie files had been transported in interstate commerce. Accordingly, the Defendant's motion should be denied.

1

I.  **GOVERNMENT PROVED THAT MOVIE FILES CONTAINED VISUAL DEPICTIONS OF ACTUAL MINORS.**

The defendant asserts that in order to prove that the images at issue depict actual rather than virtual children, the government must present relevant evidence in addition to the images themselves. This is not what the law requires.

Every federal circuit court that has addressed the issue of whether the government is required to present expert testimony on the issue of whether actual children were used to produce the images of alleged child pornography has held the same way. See United States v. Irving, 432 F.3d 401, 412-13 (2d Cir. 2005) (collecting cases and rejecting defense request to require the government to present expert testimony proving children in video images (MPEGs) were in fact real children). Five separate federal circuit courts, the Second, Fifth, Sixth, Eighth, and Tenth, as well as the highest military court of appeals have held that a factfinder can make the determination of whether actual children were used to produce the images in question based solely upon a review of the images alone. Id.; United States v. Cendejas, 62 M.J. 334, 338 (C.A.A.F. 2006) ("In the wake of the Supreme Court's decision in *Free Speech Coalition*, every federal circuit court to have considered the question has held that the factfinder can make a determination that an actual child was used to produce the images in question based upon a review of the images alone."). The First Circuit did reach an opposite

conclusion -- that the government was required to present "relevant evidence in addition to the images themselves to prove the children are real" -- at one point of time but has since withdrew that decision. United States v. Hilton, 363 F.3d 58, 64-65 (1st Cir. Apr. 12, 2004), *withdrawn and vacated by* United States v. Hilton, No. 03-1741, 2004 U.S. App. LEXIS 19528 (1st Cir. Sept. 20, 2004). On rehearing, the Hilton court removed any mention of this new evidentiary requirement. See United States v. Hilton, 386 F.3d 13 (1st Cir. 2004). Thus, the government is not required to present extrinsic evidence that the 12 movie files depicted real, as opposed to virtual, children. The government has met its burden of proof by playing the movie files in their entirety for the jury.

## II. GOVERNMENT PROVED MOVIE FILES HAD BEEN TRANSPORTED IN INTERSTATE COMMERCE.

The defendant contends that the government has failed to present evidence that the depictions at issue were transported in interstate or foreign commerce. To support this argument, the defendant claims that "the government's own witness has admitted that no interstate travel need necessarily occur for the video clips that are subject of the indictment to be downloaded to defendant's computer." This claim is not supported by the record. Scott Grace, the government's computer forensic expert, testified, on both direct and on cross-examination, that the defendant downloaded the video clips to his own computer over the

3

internet using the limewire program. Grace repeatedly testified that users could not use the limewire program to run searches or download files without first accessing or logging onto the internet. To explain the necessity of the internet connection in terms of downloading files, Grace explained that if the internet connection was disconnected the partially downloaded file would be put in the user's "incomplete" folder rather than the "shared" folder.

The First Circuit has clearly ruled on the issue of how the government meets its burden of proving interstate commerce under 18 U.S.C. §§ 2252 and 2252A. In United States v. Hilton, a possession of child pornography case brought under 18 U.S.C. § 2252A(a)(5)(B),[1] the First Circuit concluded in unambiguous terms:

> [u]nder the case law, proof of transmission of pornography over the Internet or over telephone lines satisfies the interstate commerce element of the offense.

257 F.3d 50, 54 (1st Cir. 2001) (citing United States v. Carroll, 105 F.3d 740, 742 (1st Cir. 1997) and United States v. Gilbert, 181 F.3d 152, 158-59 (1st Cir. 1999)). The government has clearly met its burden. As described above, the government presented evidence that the video clips were transmitted to the

---

[1] The interstate commerce element in this statute is identical to that which appears in 18 U.S.C. §2252(a)(2), the statute at issue here.

defendant over the internet (the "receipt transactions"). In addition to the receipt transactions, the government has presented evidence that the video clips had been transported in interstate commerce and were available on the internet. Special Agent Vazquez testified that on March 24, 2004, the defendant, when shown the list of 17 movie titles, including 10 of the 12 movies charged in the indictment, admitted that he had downloaded those child pornography movies from the internet. Special Agent Vazquez also testified that the defendant also told the agents on March 24, 2004 that he had seen the "Dee and Desi" movies (which comprise 7 of the 12 charged movies) and two other movies (which are also charged in the Indictment) on several groups on the internet.

The defendant further argues that the government has failed to meet its burden of proof because it failed to show interstate internet transmissions, or in other words, internet transmissions between individuals physically located in different states. As Mr. Grace testified on cross-examination, even if two users located within the same state are communicating with each other over the internet, the data transmitted may not remain intrastate; the data will take the most efficient pathway with the least traffic, which does not constitute the shortest path geographically. The courts have recognized the complex interstate nature of the internet and have concluded that use of

the internet, like that of telephone lines, is sufficient to prove data has traveled in interstate commerce. Id.; see United States v. MacEwan,-- F.3d --, 2006 WL 861184, *5 (3rd Cir. Apr. 5, 2006) (use of internet to obtain images sufficient to prove interstate commerce). For instance, the MacEwan Court concluded

> [r]egardless of the route taken . . . because of the very interstate nature of the internet, once a user submits a connection request to a website server or an image is transmitted from a website server back to user, the data has traveled in interstate commerce. Here, once the images of child pornography left the website server and entered the complex global data transmission system that is the Internet, the images were being transmitted in interstate commerce.

2006 WL 861184, *5.

## CONCLUSION

WHEREFORE, for the reasons set forth above, and the evidence submitted to the jury having been sufficient to support a conviction on the one and only count of the Indictment, the Government respectfully requests that the Defendant's motion for judgment of acquittal be denied.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: /s/ B. Stephanie Siegmann
Donald L. Cabell
B. Stephanie Siegmann
Assistant U.S. Attorneys

Dated:    May 1, 2006

6