UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 04-10317-RCL |
| | ) | |
| ANDREW LEWIS | ) | |

## MOTION FOR RELEASE PENDING SENTENCING

Defendant Andrew Lewis respectfully moves that, while defendant is awaiting sentencing, this court release him on the conditions in effect prior to the jury's guilty verdict.  As grounds therefore, defendant states, as set forth more specifically below, that there is clear and convincing evidence that defendant "is not likely to flee or pose a danger to the safety of any other person or the community" while on release, 18 U.S.C. § 3143(a)(1) and "there are exceptional reasons why [defendant's] detention would not be appropriate", 18 U.S.C. § 3145(c).

### STATEMENT OF FACTS

Mr. Lewis, since being released from custody in this case, has successfully complied with all of his stringent conditions of release.  His conduct has been so exemplary that Pretrial Services has recommended on at least two occasions that his conditions of release be relaxed.  He is now receiving psychological counseling, where he has shown significant progress, and he currently is employed.

### ARGUMENT

Under 18 U.S.C. § 3143(a)(2), a person found guilty of, <u>inter alia</u>, an offense defined as a crime of violence, shall be detained unless certain conditions, not applicable here, are met. It is undisputed that defendant falls within the provisions of this so-called "mandatory detention" statute and does not fall within the exception set forth in § 3143(a)(2)(A). The applicability of § 3143(a)(2) is limited, however, by 18 U.S.C. § 3145(c), which states:

> A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

18 U.S.C. § 3145(c).

This provision has been treated as creating an exception to the so-called mandatory detention provision of § 3143. <u>See</u>, <u>e.g.</u>, <u>United States v. DiSomma</u>, 951 F.2d 494, 496 (2nd Cir. 1991) (affirming district court's order releasing defendant, convicted of conspiring to commit Hobbs Act robbery, pending appeal). The First Circuit has, in a 1992 unpublished opinion, treated § 3145 as creating an exception to § 3143's seemingly mandatory language. Undersigned counsel is unaware of any published First Circuit decisions on point.

Defendant is "subject to detention pursuant to section 3143(a)(2)", but also "meets the conditions of release set forth in section 3143(a)(1)[.]" That is, there is clear and convincing evidence that he "is not likely to flee or pose a danger to the

-2-

safety of any other person or the community if released under section 3142(b) or (c)."  18 U.S.C. § 3143(a)(1).  That evidence includes:  his strong ties to the community, employment, record of compliance with pretrial release conditions, and successful efforts to address his psychological and medical issues.

Defendant therefore may be released "if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate."  18 U.S.C. § 3145(c).

According to the district court decision in DiSomma, 769 F.Supp. 575, 576 (S.D.N.Y. 1991), "the only legislative history of the exception authorized by § 3145" is a letter from an Assistant Attorney General to Senator Paul Simon, who sponsored the bill that amended § 3143 to include the mandatory detention provisions.  DiSomma, 769 F.Supp. at 576.  That letter included two examples of situations in which "release pending appeal or sentence might be a suitable disposition, and detention an unduly harsh remedy."  Letter from Carol Crawford, Assistant Attorney General in the Department of Justice's Office of Legislative and Intergovernmental Affairs, to Senator Simon (July 26, 1989) ("Crawford letter"), quoted in DiSomma, 769 F.Supp. at 576.  The hypothetical examples given were an elderly man convicted of a mercy killing, whose appeal challenges the applicability of the federal murder statute to mercy killings, and a convicted drug dealer who is physically (but temporarily) incapacitated "and thus not likely to commit further crimes or to flee, and whose appeal raised a novel and difficult search or seizure question on

which the conviction will stand or fall." Id. Since both examples involve release pending appeal, the standard that must be met for release includes an additional factor that need not be shown here: that the appeal raises a substantial issue likely to result in a reversal, new trial order, sentence that does not include imprisonment, or reduced sentence that is less than the total amount of time that would be spent in custody through the end of the appeal. 18 U.S.C. § 3143(b). Indeed, in DiSomma, as in this case, the "exceptional reasons" found (and affirmed by the Second Circuit) were the defendant's challenge to an element of his conviction. No personal history or circumstances of the defendant were cited in support of the finding in DiSomma.

The exceptional reasons in this case are: 1) defendant's employment, 2) defendant's ongoing outpatient treatment, 3) defendant's ongoing medical treatment, and 4) the protracted time defendant must remain in custody pending sentencing. Disruption of that treatment would be detrimental to defendant's ongoing efforts to address his mental and physical health.

Section 3145 does not require a showing that detention would present an insurmountable hardship, only that it "would not be appropriate." This reading is consistent with the Crawford letter, which justifies applying the exception to mandatory detention where release would be suitable and detention would be unduly harsh. Defendant meets these criteria.

Finally, defendant notes that, if this court were to permit defendant to self-report for any sentence of imprisonment that

-4-

ultimately is imposed, he is far more likely to be classified to a minimum or low security prison than he would be if he were not permitted to self-report.

## CONCLUSION

For the reasons set forth above, defendant respectfully requests that this court continue the release order that was in effect prior to the jury's guilty verdict, pending disposition.

ANDREW LEWIS
By His Attorney,

/s/ Timothy G. Watkins
Timothy Watkins
B.B.O. #567992
Federal Defender Office
408 Atlantic Ave., 3rd Floor
Boston, MA  02110
Tel: 617-223-8061

## CERTIFICATE OF SERVICE

I, Timothy G. Watkins, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on May 1, 2006.

/s/ Timothy G. Watkins
Timothy G. Watkins