UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 04-10317-RCL |
| | ) | |
| ANDREW LEWIS | ) | |

MOTION FOR EXTENSION OF TIME IN WHICH TO FILE
<u>NOTICE OF APPEAL</u>

Defendant, Andrew Lewis, moves pursuant to Fed. R. App. P. 4(b)(4) that the Court extend the time to file his notice of appeal until March 2, 2007, thirteen days after the expiration of the ten-day period otherwise prescribed by Fed. R. App. P. 4(b). As grounds for this Motion, defendant submits that an extension is supported by both excusable neglect and good cause. Specifically, defendant through undersigned counsel submits the following:

1.  Defendant was sentenced on January 29, 2007 to a sentence of sixty (60) months imprisonment. The Judgment was entered on February 7, 2007.

2.  This case featured extensive litigation over defendant's motion to suppress evidence and was later tried to a jury. Defendant raised several evidentiary issues during trial, challenged the sufficiency of the evidence at the close of the government's case, and objected to specific jury instructions. Undersigned counsel made every effort during trial to preserve the raised issues for appeal.

3.  Undersigned counsel's practice is to await the formal entry of the judgment before filing the notice of appeal in a case. In accord with this practice, counsel, at the conclusion of the sentencing hearing, marked the file as one that would require a notice of appeal. In undersigned's normal practice, receipt of the ECF notification of the entry of the judgment would trigger printout of a hard copy of the judgment, forward of the judgment to the defendant, and electronic filing of the notice of appeal when applicable.

4.  A number of factors, all rooted in undersigned counsel's neglect, coalesced in counsel's failure to timely file the notice of appeal. First, the judgment was entered and the ECF notification was issued while undersigned counsel was counsel was in the midst of four days of discovery review in Springfield, MA in connection with United States v. Carol Aranjo, No. 06-30014-MAP. Although counsel reviewed the ECF notice while in Springfield, counsel's inability to access and process the physical file in the Federal Defender Office resulted in counsel's failure to immediately file the notice of appeal as would have ordinarily been the case.

5.  Second, counsel's failure to concentrate on the importance of the ECF notification was compounded by the fact that counsel had litigated and tried a second single-defendant case, United States v. Samuel Lewis, No. 05-40001-FDS, in 2006.

Like defendant in this matter, Samuel Lewis was also sentenced in January 2007. Unlike the instant matter, however, counsel had followed his regular practice and timely filed a notice of appeal. Counsel's inattention to the ECF notices in the two cases, which both appear as "United States v. Lewis" in the header to the notification, lulled counsel into mistakenly believing the ECF notice was in connection with the case counsel had already filed a notice of appeal on.

    6. Third, counsel's legal assistant, who is cc'd on all of counsel's ECF notifications and thus serves as a counsel's safety net for filing deadlines, has recently been frequently absent due to illness. The ECF notification that included the judgment was issued during one such absence.

    7. Finally, counsel's attention has been diverted by the Federal Defender Office's recent high caseload and undersigned counsel's demanding travel schedule, which in addition to the Springfield document review included travel to work-related travel to Orlando, Florida and San Diego, California. All of the travel has taken place since the issuance of the judgment.

    8. As a consequence, counsel did not file a Notice of Appeal within the prescribed ten days and did not discover the neglect until his return from California and a planned review of pending cases.

9. Fed. R. App. P. 4(b)(4) provides that:

> Upon a finding of excusable neglect or good cause, the district court may – before or after the time has expired, with or without motion and notice – extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b).

10. In this case, defendant is prepared to and will file his Notice of Appeal on or before March 2, 2007. The date of filing of this motion, while eleven days beyond the period otherwise prescribed, is well within the thirty (30) days from the expiration of the ten days "otherwise prescribed by this Rule."

11. Undersigned counsel's neglect led to counsel's failure to file the Notice of Appeal within the time otherwise prescribed by Rule 4. In the circumstances described above, defendant submits that both excusable neglect and good cause have been shown and the Court should extend the time for filing the Notice until March 2, 2007.

Wherefore, defendant respectfully requests that the Court find that excusable neglect and/or good cause have been shown, and extend the time to file the Notice of Appeal to March 2, 2007.

```
                              ANDREW LEWIS
                              By his attorney,


                              /s/ Timothy G. Watkins
                              Timothy G. Watkins
                                B.B.O. #567992
                              Federal Defender Office
                              408 Atlantic Ave., 3rd Floor
                              Boston, MA  02210
                              Tel: 617-223-8061
```

CERTIFICATE OF SERVICE

I, Timothy G. Watkins, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on February 28, 2007.

```
                              /s/ Timothy G. Watkins
                              Timothy G. Watkins
```