UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 04-10317-RCL
CIVIL ACTION NO. 10-10290-RGS

ANDREW LEWIS

v.

UNITED STATES OF AMERICA

MEMORANDUM AND ORDER ON
PETITIONER'S MOTION TO VACATE,
SET ASIDE, OR CORRECT SENTENCE

July 2, 2010

STEARNS, D.J.

Andrew Lewis, a *pro se* litigant, brought this petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Lewis contends that: (1) his statutory right to a speedy trial under the Speedy Trial Act (STA), 18 U.S.C. §§ 3161-3174 (2008), was violated; (2) his right to a speedy trial under the Sixth Amendment of the United States Constitution was abridged; (3) he was improperly denied credit for time spent while released on conditions prior to trial and to sentencing; (4) he was denied the effective assistance of counsel guaranteed by the Sixth Amendment to the United States Constitution; and (5) the portion of his sentence requiring him to register as a sex offender pursuant to 42 U.S.C. § 16913 is unconstitutional. The United States argues that Lewis's claims are either not cognizable in a section 2255 proceeding or are without merit. For the reasons stated below, the petition will be DENIED.

BACKGROUND

On May 1, 2006, following a six-day jury trial, Lewis was convicted of one count of

receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2).[1]  Lewis was indicted after an employee of the National Park Service (NPS) found "inappropriate" images of a graphic sexual nature on Lewis's personal laptop computer.  Lewis had brought the computer to the Salem Maritime National Historic Site (Salem National Park) in Salem, Massachusetts, where he worked as a Park Ranger.  The discovery of the images led to Lewis's admission that he had downloaded sexually explicit images of children to his home computer.  Lewis was indicted for possession of the downloaded images.

On January 29, 2007, Judge Lindsay sentenced Lewis to the mandatory minimum prison term of 60 months, followed by three years of supervised release with the special condition that he register as a sex offender.  Lewis appealed the conviction, arguing only one issue: that the government had failed to present sufficient evidence that the pornographic images had "traveled" in interstate commerce.  The First Circuit rejected the argument, holding that proof that the images had been disseminated over the Internet sufficed to satisfy the interstate commerce element of section 2252(a)(2), and affirmed

---

[1]Any person who –

    . . .

(2)    knowingly receives, or distributes, any visual depiction using any means or facility of interstate or foreign commerce or that has been mailed, or has been shipped or transported in or affecting interstate or foreign commerce, or which contains materials which have been mailed or so shipped or transported, by any means including by computer, or knowingly reproduces any visual depiction for distribution using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or through the mails, if (A) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and (B) such visual depiction is of such conduct; . . .

Lewis's conviction. See United States v. Lewis, 554 F.3d 208 (1st Cir. 2009).

## DISCUSSION

Section 2255 is not a substitute for direct appeal, but rather provides post-conviction relief in four limited circumstances: "if the petitioner's sentence (1) was imposed in violation of the Constitution, or (2) was imposed by a court that lacked jurisdiction, or (3) exceeded the statutory maximum, or (4) was otherwise subject to collateral attack." David v. United States, 134 F.3d 470, 474 (1st Cir. 1998). "The catch-all fourth category includes only assignments of error that reveal 'fundamental defects' which, if uncorrected, will 'result[] in a complete miscarriage of justice,' or irregularities that are 'inconsistent with the rudimentary demands of fair procedure.'" Id., quoting Hill v. United States, 368 U.S. 424, 428 (1962). In other words, a cognizable section 2255 claim that does not raise constitutional or jurisdictional issues must reveal "exceptional circumstances" that compel redress. David, 134 F.3d at 474.

### Violation of the STA and the Sixth Amendment

Where a defendant has procedurally defaulted by failing to raise a claim on direct appeal, he is barred from asserting the claim in a collateral attack on his conviction unless he can demonstrate cause for the default and actual prejudice (or actual innocence). Murray v. Carrier, 477 U.S. 478, 485-486, 496 (1986). Recognizing the procedural obstacle, Lewis blames the failure to raise the speedy trial claims on direct review on his counsel's ineffectiveness. Following Lewis's lead, the court will turn first to the ineffectiveness claim as it is dispositive of the speedy trial issue.

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall

enjoy the right to . . . have the Assistance of Counsel for his defence." The right to counsel includes the right to effective counsel. See Strickland v. Washington, 466 U.S. 668, 686 (1984). Effective counsel does not mean perfect counsel. "Judicial scrutiny of counsel's performance must be highly deferential," and "every effort [should] be made to eliminate the distorting effects of hindsight." Id. at 689. The court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Id., quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955). "First, a reviewing court must assess the proficiency of counsel's performance under prevailing professional norms. . . . This evaluation demands a fairly tolerant approach; after all, the Constitution pledges to an accused an effective defense, not necessarily a perfect defense or a successful defense. . . . The second line of inquiry . . . entails a showing of 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Scarpa v. Dubois, 38 F.3d 1, 8 (1st Cir. 1994) (internal citation omitted) (a showing of actual prejudice is a necessary element in almost all cases involving allegations of attorney error). The burden of proving a deficiency on counsel's part rests with Lewis.

To satisfy the first prong of the Strickland test, Lewis must prove that his counsel's performance was so inferior as to have been objectively unreasonable. See United States v. McGill, 11 F.3d 223, 226 (1st Cir. 1993). Counsel's conduct is considered reasonable if it falls "'within the range of competence demanded of attorneys in criminal cases.'"

United States v. Bosch, 584 F.2d 1113, 1121 (1st Cir. 1978), quoting McMann v. Richardson, 397 U.S. 759, 770-771 (1970).

To satisfy the second prong of the Strickland test, Lewis must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. While Lewis does not need to prove that his counsel's deficient conduct more likely than not altered the outcome, he must show that his counsel's errors "had some conceivable effect on the outcome of the proceeding." Id. at 693. See also Dugas v. Coplan, 506 F.3d 1, 9 (1st Cir. 2007).

The essence of Lewis's speedy trial argument is that his counsel should not have agreed – indeed should have objected to – nine Orders on Excludable Time that were entered by the court from the time of his indictment to the beginning of the trial. Lewis fails to offer any proof that had his counsel objected to any (or all) of the Orders on excludable time, the outcome might have been different. No statute of limitations was pressing on the government. Had a dismissal for a speedy trial violation occurred, Lewis has not shown evidence of government misconduct or egregious bad faith (or prejudice) that would have been required to warrant a dismissal with prejudice. See United States v. Scott, 270 F.3d 30, 58 (1st Cir. 2001). Consequently, a speedy trial dismissal would simply have led to a re-indictment and a renewed prosecution.

Incarceration

Lewis next contends that he should be granted credit for time spent in "constructive" incarceration – that is, the time he spent on pretrial release under conditions which included electronic monitoring and home confinement. (Lewis remained free on these

conditions from the time of indictment until sentencing).  Lewis argues that the conditions of his release were sufficiently onerous to be viewed as time spent in custody, as defined in 18 U.S.C. § 3585(b), and therefore the days in home confinement should be credited against his five-year sentence.

The door to this argument is firmly shut.  The Supreme Court has held that home confinement, or any other condition of pretrial release that does not result in actual custodial confinement, does not constitute detention for purposes of section 3585(b), and is therefore not credited against a sentence.  See Reno v. Koray, 515 U.S. 50, 56-57 (1995). See also United States v. Zackular, 945 F.2d 423, 425-26 (1st Cir. 1991) (rejecting the argument that home confinement is the equivalent of custody).

Ineffective Assistance of Counsel

Lewis asserts three additional grounds that he claims amount to ineffective assistance of counsel.  First, he argues that counsel failed to argue that NPS investigators acted outside their jurisdiction under 16 U.S.C. § 1a-6 by investigating the child pornography offense of which he was accused.  Section 1a-6(b)(3) authorizes law enforcement personnel within the NPS to "conduct investigations of offenses against the United States committed in that system."  The NPS investigators operated within that authority: Lewis was an employee of the NPS, he possessed child pornography – an offense against the United States – on a computer that he voluntarily took onto grounds under the jurisdiction of the NPS.  Because the agents "conduct[ed] [an] investigation[] of [an] offense[] against the United States committed in that system[,]" Lewis's claim of

ineffective assistance on this ground is baseless.[2]

Second, he alleges that his counsel was not sufficiently adversarial, by which he presumably means insufficiently aggressive, in failing to raise the alleged 16 U.S.C. § 1a-6 violation at trial. As there was no violation of the statute, there is no conceivable basis on which counsel could be deemed ineffective for failing to undertake a quixotic quest that had no glimmer of success. See United States v. Wright, 573 F.2d 681, 684 (1st Cir. 1978) ("Counsel is not required to waste time with futile or frivolous motions.").

Third, Lewis contends that his counsel should have advised him to plead guilty and negotiate a plea agreement, rather than take his case to trial. Lewis glosses over the fact that he faced a five-year minimum mandatory sentence regardless of whether he pled guilty or was found guilty at trial. As the court sentenced Lewis to the minimum statutory sentence, he cannot claim prejudice from his counsel's failure to negotiate a guilty plea (even assuming that this was an option). Compare Tse v. United States, 290 F.3d 462, 464 (1st Cir. 2002) (per curiam). Additionally, as the government points out, proceeding to trial allowed Lewis to raise the issue of whether the use of the Internet (without more) satisfies section 2252(a)(2)'s interstate commerce element, a significant concern at the time of the appeal that was by no means bereft of any prospect of success.

<u>Constitutionality of 42 U.S.C. § 16913</u>

Lewis's final argument is that the condition of supervised release requiring

---

[2] To the extent that Lewis attempts to twist the jurisdictional claim into one under the Fourth Amendment (insofar as the search of his computer is concerned), he may be foreclosed from doing so by the holdinge of Stone v. Powell, 428 U.S. 465 (1976). See Arroyo v. United States, 195 F.3d 54, 54-55 n.1 (1st Cir. 1999).

7

registration as a sex offender under 42 U.S.C. § 16913 is unconstitutional.[3] In raising the constitutional argument, Lewis relies on a case from the Montana District Court, United States v. Waybright, 561 F. Supp. 2d 1154, 1168 (D. Mont. 2008). Not only has the case been repudiated on this point by the Ninth Circuit, United States v. George, 579 F.3d 962, 966 n.2 (9th Cir. 2009), it has been rejected by almost every court to examine it, including the District Court of Maine. See United States v. Gagnon, 574 F. Supp. 2d 172, 179 (D. Me. 2009). In any event, a Montana District Court case (even one that has not been overturned) has little if any precedential weight in this Circuit. Therefore, this challenge fails as well.

## ORDER

For the foregoing reasons, Lewis's motion to vacate his sentence is DENIED. The petition is DISMISSED with prejudice. The Clerk may now close the case.

SO ORDERED

/s/ Richard G. Stearns

_____
UNITED STATES DISTRICT JUDGE

---

[3] 42 U.S.C. § 16913(a) provides that "[a] sex offender shall register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student. For initial registration purposes only, a sex offender shall also register in the jurisdiction in which convicted if such jurisdiction is different from the jurisdiction of residence."